■ VILLAGE OF PORT CHESTER, Appellant, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent. — In an action to recover certain first-party benefits under the Comprehensive Automobile Insurance Reparations Act (No-Fault Law), arising out of an automobile accident, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), entered February 16, 1982, which denied its motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint. Judgment modified by deleting the second, third and fourth decretal paragraphs thereof and by substituting therefor a provision denying defendant's cross motion for summary judgment. As so modified, judgment affirmed, without costs or disbursements. Special Term improperly granted defendant's cross motion for summary judgment dismissing the complaint since plaintiff, as assignee of its former employee, is entitled, pursuant to the No-Fault Law, to recover first-party benefits, consisting of medical and hospital expenses incurred by the former employee (Insurance Law, § 670 *et seq.;* cf. *Amidon v Firemen's Ins. Co. of Newark, N. J.,* 69 AD2d 979, mot for lv to app den 48 NY2d 604). However, defendant, in its affidavits submitted on its cross motion for summary judgment, has raised a triable issue of fact regarding plaintiff's assignor's compliance with specific notice requirements of the

defendant's no-fault insurance policy. The failure of defendant to properly plead the affirmative defense of the failure of plaintiff's assignor to perform certain conditions precedent does not preclude it from relying on said defense to defeat plaintiff's motion for summary judgment (see *Rizzi v Sussman,* 9 AD2d 961). As the answer is amendable, plaintiff's motion for summary judgment must be denied. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.