■ LAWRENCE H. CARP, Appellant, v STANLEY T. MARCUS, Defendant, and SHARON MARCUS, as Administratrix of the Estate of PATRICIA A. MARCUS, Deceased, Respondent.—Mahoney, P. J. Appeals (1) from an order of the Supreme Court at Special Term (Corning, J.), entered August 23, 1985 in Tompkins County, which denied plaintiff's motion for partial summary judgment as to his second cause of action, and (2) from an order of said court, entered October 25, 1985 in Tompkins County, which, *inter alia,* denied plaintiff's motion for partial summary judgment as to his first cause of action.

Plaintiff alleges in this action that he was stabbed by Patricia Ann Marcus (hereinafter defendant), who is now deceased. The amended complaint sets forth two causes of action for assault.* Defendant answered these causes of action with a general denial. Plaintiff moved for summary judgment on each of the causes of action. The motions were denied and these appeals ensued.

Plaintiff contends that since no defenses have been raised to

---

* The amended complaint also sets forth a cause of action for negligence against defendant Stanley T. Marcus, the husband of Patricia Ann Marcus. That cause of action has been dismissed.

his causes of action, he is entitled to summary judgment on them. Initially, there are triable issues of fact raised by the denial of the allegations in the amended complaint. Further, the papers, particularly an affidavit by defendant Stanley Marcus, raise a triable issue of fact regarding whether defendant acted in self-defense. While it is better practice for a defendant to include such a defense in his answer *(see,* CPLR 3018 [b]; 3211 [e]), a court may, upon a plaintiff's motion for summary judgment, "look beyond the defendant's answer and deny summary judgment if facts are alleged in opposition to the motion which, if true, constitute a meritorious defense" *(Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 182). It is therefore proper for a court to deny summary judgment based on an unpleaded defense if the answering papers raise a triable issue of fact *(id.; see, Village of Port Chester v Hartford Acc. & Indem. Co.,* 90 AD2d 831; *Adirondack Park Agency v Ton-Da-Lay Assoc.,* 61 AD2d 107, 110, *appeal dismissed* 45 NY2d 834). We note that defendant's representative may move for leave to amend her answer *(see,* CPLR 3025 [b]). Thus, the motions for summary judgment were properly denied.

Orders affirmed, with costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.

