■ LAWRENCE H. CARP, Appellant, v SHARON MARCUS, as Administratrix of the Estate of PATRICIA A. MARCUS, Deceased, et al., Respondents. (Action No. 1.) LAWRENCE H. CARP, Appellant, v SHARON MARCUS, as Administratrix of the Estate of PATRICIA A. MARCUS, Deceased, Respondent. (Action No. 2.) LAWRENCE H. CARP, Appellant, v STANLEY T. MARCUS, Respondent. (Action No. 3.)—Yesawich, Jr., J. Appeal (transferred to this court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court (Swartwood, J.), entered January 15, 1987 in Cayuga County, which (1) granted defendant Sharon Marcus' motion to amend her answer in action No. 1, and (2) granted defendants' motion for a joint trial of actions Nos. 1, 2 and 3.

Plaintiff alleges that his landlord, Patricia A. Marcus (hereinafter decedent), stabbed him on July 11, 1981. In action No. 1, plaintiff sets forth assault and battery causes of action against decedent.[1] Action No. 2 advances causes of action against decedent for breach of contract and breach of the warranty of habitability. Plaintiff asserts in action No. 3, *inter alia,* that Stanley T. Marcus repeatedly harassed plaintiff, inflicting emotional distress, and assaulted him on August 9, 1981, further aggravating plaintiff's injuries.

When this matter was last before this court (121 AD2d 774), plaintiff's motion for summary judgment against decedent was denied based upon decedent's unpleaded defense that she acted in self-defense. We noted the availability of a CPLR 3025 (b) motion for leave to amend the answer, after which and in addition to such a motion by decedent in action No. 1, defendants moved to consolidate the three actions. Supreme Court, Tompkins County, where all these actions are venued, granted decedent leave to amend the answer and ordered a joint trial. The order entered thereon was filed in Tompkins County. Thereafter, plaintiff filed a certified copy of the order and a notice of appeal in Cayuga County, where he ostensibly

---

1. Action No. 1 has been dismissed against Stanley T. Marcus.

had a motion pending for a change of venue and consolidation, and appealed to the Appellate Division, Fourth Department, which transferred the appeal to this court.

Although a notice of appeal has not been filed in the office where the order of the court of original instance was entered (viz., Supreme Court, Tompkins County), as required by CPLR 5515 (1), defendants do not contend that service of the notice of appeal upon them was untimely. Given plaintiff's *pro se* status and the fact that he presumably believed he could satisfy CPLR 5515 (1) by filing his notice of appeal in Cayuga County, we find this error understandable and grant an extension of time to enable plaintiff to cure his mistake *(see,* CPLR 5520 [a]) and, in the interest of justice and judicial economy, address the merits[2] *(see,* CPLR 5520 [c]; *National Bank v Kory,* 63 AD2d 579, 580, *lv denied* 45 NY2d 712).

Plaintiff argues that allowing decedent leave to amend the answer in action No. 1 to affirmatively assert the self-defense claim some four years after commencement of the action is unduly prejudicial to him *(see, Pegno Constr. Corp. v City of New York,* 95 AD2d 655, 656). He notes that a key witness, decedent, who apparently died in mid-1983, could have been deposed on this issue had this defense been raised in a timely manner, that decedent's estate obtained a protective order preventing disclosure of decedent's medical records, and that additional discovery, entailing more expense, will now be required.

While lateness, without more, does not impede pleading amendments *(see, Sheppard v Smith Well Drilling & Water Sys.,* 102 AD2d 919), the unavailability of a material witness can indeed weigh heavily against permitting leave to amend. However, the purpose of liberal pleading rules is to ensure an adjudication on the merits rather than sacrifice a meritorious claim or defense to the vagaries of form *(see,* Siegel, NY Prac § 207, at 244-245). Self-defense is an affirmative defense and, hence, the burden of proof on this issue is upon decedent's estate. Furthermore, the record before us indicates that the death of decedent leaves plaintiff as the only eyewitness to the stabbing incident who can establish the truth or falsity of this defense. Under these circumstances, plaintiff is not unduly prejudiced by the amendment of the answer to include self-defense. Rather than militate against allowing the amendment, plaintiff's aborted desire to secure purportedly relevant

---

2. Issue was joined in this matter over 4½ years ago and has resulted in six prior appeals to this court.

medical records of decedent *(Carp v Marcus,* 116 AD2d 854) may have merit, for his request for information once deemed inappropriate may now be appropriate because of decedent's self-defense theory.

Further discovery, without more, does not justify denial of the motion *(see, Smith v Industrial Leasing Corp.,* 124 AD2d 413, 414). On the other hand, interposition of an affirmative defense at this late date should not result in further expense to plaintiff. Under the circumstances, we consider it just to condition granting leave to amend upon the proviso that defendant bear such reasonable additional discovery expenses as plaintiff may incur, directed solely to the issue of self-defense, to the extent of $250 *(see, Smith v Industrial Leasing Corp., supra; Mirabella v Banco Indus.,* 34 AD2d 630).

Finally, plaintiff's opposition to a joint trial is meritless. Not only has plaintiff failed to show how he would be prejudiced by a joint trial or the interrelated actions *(see, Fashion Tanning Co. v D'Errico & Farhart Agency,* 105 AD2d 1034, 1035), he himself moved to have them consolidated in June 1986.

Order modified, on the facts, without costs (1) upon the condition that plaintiff file the notice of appeal with Supreme Court, Tompkins County, within 10 days after entry of the order to be entered upon this court's decision, and (2) so as to provide that leave, granted to defendant Sharon Marcus, as administratrix of the estate of Patricia Ann Marcus, to serve the amended answer is granted upon condition that said defendant agrees to bear the reasonable expense of further discovery occasioned by the amendment, not to exceed $250, and, as so modified, affirmed. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.