# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 26, 2017                    521163
_____

In the Matter of RALPH OYAGUE,
                    Appellant,

     v                                    MEMORANDUM AND ORDER

CLINTON CORRECTIONAL FACILITY,
                    Respondent.
_____


Calendar Date:  November 29, 2016

Before:  Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ.

_____

        Ralph Oyague, Huntington, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Arnold of counsel), for respondent.

_____


        Appeal from a judgment of the Supreme Court (Elliott III,
J.), entered March 31, 2015 in Albany County, which, in a
proceeding pursuant to CPLR article 78, granted respondent's
motion to dismiss the petition.

        Petitioner commenced this CPLR article 78 proceeding to
challenge a determination finding him guilty of violating certain
prison disciplinary rules.  Respondent moved pursuant to CPLR
3211 (a) to dismiss the petition on the ground that petitioner
failed to exhaust his administrative remedies.  Petitioner
opposed the motion by claiming that he submitted an
administrative appeal and never received a response.  Supreme
Court granted the motion and dismissed the petition.  Petitioner
now appeals.

        Petitioner properly served the notice of appeal upon
respondent (see CPLR 2103 [b] [2]), but the notice was apparently
never filed with the Albany County Clerk due to it having been

mistakenly mailed to the Albany County Attorney (see CPLR 5515 [1]).  In view of petitioner's pro se status and the absence of any allegation that the failure to file prejudiced respondent, we "grant an extension of time to enable [petitioner] to cure his mistake and, in the interest of justice and judicial economy, address the merits" (Carp v Marcus, 138 AD2d 775, 776 [1988] [internal citation omitted]; see CPLR 5520 [a]; M Entertainment, Inc. v Leydier, 13 NY3d 827, 828-829 [2009]; Gamble v Gamble, 23 AD2d 887, 887 [1965]).

Upon the merits, we affirm.  Respondent supported the motion to dismiss with an affidavit from the director of the office responsible for issuing final administrative determinations regarding tier III disciplinary hearing appeals. The director stated that he had reviewed the office's records and that petitioner had not submitted an administrative appeal regarding the determination at issue.  The record accordingly reflects that petitioner failed to take an administrative appeal from the determination of guilt as required and, as a result, Supreme Court properly concluded that petitioner had failed to exhaust his administrative remedies and dismissed the petition (see Matter of Tafari v Artus, 79 AD3d 1468, 1468-1469 [2010], lv denied 16 NY3d 709 [2011]; Matter of Fulton v Futia, 71 AD3d 1356, 1356 [2010]).

Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed, without costs, upon the condition that petitioner file the notice of appeal with the Albany County Clerk within 30 days of the date of this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court