Matter of Cuppuccino v Annucci (2019 NY Slip Op 02941)





Matter of Cuppuccino v Annucci


2019 NY Slip Op 02941


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

527608

[*1]In the Matter of SALVATORE CUPPUCCINO, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 15, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Rumsey and Pritzker, JJ.


Salvatore Cuppuccino, Rome, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Melkonian, J.), entered September 10, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Following a tier III disciplinary hearing on December 8, 2016, petitioner was found guilty of violating four prison disciplinary rules and a penalty was imposed. In May 2018, petitioner commenced this CPLR article 78 proceeding seeking to expunge that determination. Respondent moved to dismiss the petition based upon, among other grounds, petitioner's failure to exhaust administrative remedies. Supreme Court granted respondent's motion and dismissed the petition, and this appeal ensued.
Supreme Court properly granted the motion to dismiss (see CPLR 3211 [a]; 7804 [f]). "A petitioner must exhaust all administrative remedies before seeking judicial review unless he or she is challenging an agency's action as unconstitutional or beyond its grant of power, or if resort to the available administrative remedies would be futile or would cause the petitioner irreparable harm" (Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d 1299, 1300 [2019] [internal quotation marks and citation omitted]). Respondent supported the motion to dismiss with an affidavit from the Director of Special Housing and Inmate Disciplinary Programs for the Department of Corrections and Community Supervision. He attested that he had reviewed the records dating back to December 1, 2016 in the Office of Special Housing, which maintains records of tier III administrative appeals, and found no evidence that petitioner had submitted an appeal of the determination rendered following the December 8, 2016 hearing. Petitioner has not demonstrated, and we do not discern, that any exception to the exhaustion requirement is applicable, as "his mere assertion that a constitutional right is involved will not excuse his failure to pursue established administrative procedures that can provide adequate relief" (Matter of Beaubrun v Annucci, 144 AD3d 1309, 1311 [2016] [internal quotation marks, [*2]brackets and citation omitted]; see Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d at 1301).
Moreover, petitioner's letters to Department officials in 2018 were untimely as they were not sent to respondent within the 30-day period for administrative appeals, a requirement of which petitioner was advised at the time of the determination (see 7 NYCRR 254.8; Matter of Self v Bezio, 85 AD3d 1458, 1458 [2011], lv denied 17 NY3d 716 [2011]). We discern no abuse of discretion or error in the denial of petitioner's requests to file a late appeal and the refusal to consider the letters (see Matter of Self v Bezio, 85 AD3d at 1458). Given the unrefuted evidence that petitioner failed to take a timely administrative appeal from the determination of guilt, Supreme Court properly concluded that he failed to exhaust his administrative remedies, and the petition was properly dismissed (see Matter of Vance v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1322, 1323 [2018]; Matter of Oyague v Clinton Corr. Facility, 146 AD3d 1242, 1243 [2017]).
Egan Jr., J.P., Mulvey, Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.