■ JAMES B. PIER et al., Appellants, v PAVEMENT RESOURCE MANAGERS, INC., et al., Defendants, and CITY OF SCHENECTADY, Respondent.—Weiss, J. P. Appeals (1) from an order of the Supreme Court (Lynch, J.), entered October 9, 1987 in Schenectady County, which granted defendant City of Schenectady's motion for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered September 21, 1987 in Schenectady County, which denied plaintiffs' motion for renewal and/or reargument.

The underlying action by plaintiff Bernice C. Pier (hereinafter plaintiff) and her husband is to recover damages for personal injuries she sustained as the result of a fall on September 4, 1984, allegedly due to a defect in Franklin Street in defendant City of Schenectady. Defendant Pavement Resource Management, Inc. (hereinafter PRM) served as a consultant to the city to perform a condition survey of city streets in August 1983, and prepared and delivered a written report to the city prior to the accident. That report set forth, *inter alia,* defective conditions on Franklin Street together with recommendations for a 1984 pavement recycling program. Defendant Callanan Industries, Inc., is a general contractor.

After joinder of issue, all defendants moved for summary judgment dismissing the complaint. Specifically, the city's motion was based on plaintiffs' failure to comply with the prior written notice of defect provisions in the city charter. Supreme Court rejected plaintiffs' contention that the report prepared by PRM satisfied the charter requirement and, therefore, dismissed the complaint against the city. PRM and Callanan were also granted summary judgment, for reasons plaintiffs do not challenge on the present appeal. Thereafter, plaintiffs moved for renewal and/or reargument on the ground that the Trial Judge should have recused himself. Upon denial of the motion, plaintiffs brought this appeal from both the order granting summary judgment to the city and from the order denying renewal and/or reargument.

There must be a reversal. We find that, at this procedural juncture, the PRM report satisfied the notice requirements of section C7-1 of the Schenectady City Charter, which must be strictly construed against the city *(see, Doremus v Incorporated*

*Vil. of Lynbrook,* 18 NY2d 362; *Schuster v Town of Hempstead,* 130 AD2d 481, *lv denied* 70 NY2d 613). There is neither a requirement that the prior notice must be given by any specific individual *(Schuster v Town of Hempstead, supra,* at 482), nor that the notice describe with particularity the exact location and defect blamed for a plaintiff's injury *(Brooks v City of Binghamton,* 55 AD2d 482). We are unpersuaded by the city's argument that the PRM report was too comprehensive, covering too vast an area to place the city on notice of this alleged defect. It is neither necessary nor realistic to require the notice to pinpoint the particular defect. Notably, the PRM report specifically identified traverse cracking which caused potholes and pavement breakage on Franklin Street in the very area where plaintiff allegedly fell. The ultimate question as to the sufficiency of this notice remains one of fact to be resolved at trial *(see, supra).*

Turning to the motion for reargument and/or renewal, we are of the opinion that the Trial Judge should have recused himself. Accordingly, the case should be assigned to another Supreme Court Justice.

Order entered October 9, 1987 reversed, on the law, without costs, and defendant City of Schenectady's motion for summary judgment denied.

Order entered September 21, 1987 reversed, on the law, without costs, plaintiffs' motion to renew is granted and matter remitted to the Supreme Court for assignment to another Supreme Court Justice. Weiss, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.