■ MONIQUE MITCHELL, Appellant, v MAGUIRE COMPANY, INC., et al., Respondents, et al., Defendants, et al., Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Ethel Danzig, J.), entered on or about July 18, 1988, which granted the motion of defendant-

respondent Volkswagen of America, Inc., and the cross motion of defendants The Maguire Company, Inc. and Bristol Motors, Inc. for summary judgment dismissing the complaint and cross claims, unanimously reversed, on the law, and the complaint and cross claims reinstated, without costs.

Plaintiff-appellant seeks recovery for personal injuries sustained in an automobile accident which occurred on June 18, 1984. She alleges that the accident was caused by a defect in the braking system and steering mechanism of the 1983 Volkswagen Rabbit which she was driving. Defendants-respondents, Volkswagen of America, Inc., The Maguire Company, Inc. and Bristol Motors, Inc., moved for summary judgment dismissing the complaint on the ground that appellant failed to specifically identify the alleged defect and provided only conclusory assertions in response to their interrogatories. Appellant claimed that the braking system and the steering mechanism "when applied immediately prior to the accident" failed to stop the car and failed to steer it. She further maintained that because the car had been completely destroyed in the collision it was impossible to provide expert opinion as to the defect in that particular vehicle.

Although Supreme Court found that appellant's allegation regarding the failure of the braking system and steering mechanism was sufficient to establish a prima facie case, the court found that appellant's failure to rebut respondents' claim that the accident resulted from appellant's negligence and not from a defect in the vehicle warranted summary judgment in respondents' favor. This was error and, accordingly, we reverse the order appealed from.

Proof of a defect in the vehicle may be provided circumstantially. It may be inferred from the injured plaintiff's testimony regarding the failure of the steering mechanism, and such circumstantial evidence is sufficient to support a jury's finding for the plaintiff (Codling v Paglia, 32 NY2d 330 [1973]; Jackson v Melvey, 56 AD2d 836, 837 [2d Dept 1977]). The fact that respondents presented alternative theories for the cause of the accident does not entitle them to summary judgment, as a matter of law, but merely raises a triable issue of fact (Narcisco v Ford Motor Co., 137 AD2d 508 [2d Dept 1988]). It remains for the trier of fact at trial, not for the court on a motion for summary judgment, to resolve the factual issues which are contested by the parties once a prima facie case has been established. Concur—Sullivan, J. P., Ross, Asch, Rosenberger and Ellerin, JJ.