■ EMMA T. OPRISKO, Respondent, v ROYAL JOBBERS, INC., et al., Appellants.—Casey, J.

Plaintiff commenced this action as a result of a slip and fall on a paved walkway located between a street in Broome County owned by defendant Village of Endicott and a retail store owned and operated by the remaining defendants. After discovery had been completed, plaintiff moved for a preference and defendants cross-moved for summary judgment. Supreme Court granted plaintiff's motion and denied defendants' cross motions.

Turning first to the appeal by the village, we conclude that its motion for summary judgment should have been granted. During her examination before trial, plaintiff fixed the location of her fall at a point which is not within the right-of-way owned by the village. In any event, since plaintiff's theory of liability against the village is that she slipped and fell due to a dangerous condition within a village right-of-way which is used as a public walkway, the written notice requirement of the local law adopted by the village in 1954 is applicable *(see, Schneid v City of White Plains,* 150 AD2d 549, 550; *Englehardt v Town of Hempstead,* 141 AD2d 601, 602), and it is conceded that no written notice was ever received by the village concerning the walkway at issue.

As to plaintiff's action against the remaining defendants, we are of the view that questions of fact exist concerning the cause of plaintiff's fall and these defendants' negligence in maintaining the walkway. Although these defendants claim that plaintiff said she slipped and fell on a few dry leaves scattered on the walkway, plaintiff's examination before trial shows that she did not know what caused her fall. She did, however, present an engineer's report which found several defects in the walkway at the point where plaintiff fell, including excessive cross-slope, uneven surface and cracks. These defects, according to the engineer, made the sidewalk unsafe for pedestrians and the presence of leaves or other debris on the walkway would increase the danger created by the defects. Plaintiff, therefore, met her burden in opposing these defendants' motion for summary judgment.

Order modified, on the law, without costs, by reversing so much thereof as denied the cross motion of defendant Village of Endicott for summary judgment; said cross motion granted and complaint and cross claims dismissed as to defendant Village of Endicott; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.