■ LAWRENCE LESSER et al., Appellants, v MAYBEN REALTY CORP., Respondent and Third-Party Plaintiff. HARLEM PAPER PRODUCTS CORP., Third-Party Defendant-Respondent.—Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered on June 26, 1991, which granted the motions by defendant and third-party defendant for summary judgment dismissing the complaint, is unanimously reversed on the law with costs, and the motions for summary judgment dismissal are denied, with costs and disbursements.

This is a negligence action to recover damages for personal injuries sustained by plaintiff Lawrence Lesser on March 7, 1986 and for loss of consortium suffered by his wife, Irma Lesser, as a result thereof. In that regard, plaintiff, a truck driver for third-party defendant Harlem Paper Products Corp., was picking up a delivery on Truxton Street in the Bronx on the day of the incident. He was working on the loading platform and, after receiving bills of lading from the dispatcher, walked towards his truck. According to plaintiff, someone called him, and, as he turned around, the heel of his left foot caught in the crevice of the platform, causing him to fall four feet to the ground. He thereafter instituted suit against the landlord, defendant Mayben Realty Corp., alleging the existence of a dangerous condition on the premises, and defendant brought a third-party complaint against plaintiff's employer. Defendant and third-party defendant both subsequently moved for summary judgment dismissal. In granting their respective motions, the Supreme Court stated that:

"In an examination before trial taken on January 13, 1989 at the courthouse, the plaintiff testified at p. 76 line 4 that '* * * I was walking toward the truck (on the platform) to check my lock out on the rear, to see if the lock was on and secured. As I was walking towards the truck, because Benny somebody called and that is when I got caught up in that thing and went over.' At line 13 the question reads:—'How close to that wooden barricade at the edge of the platform were you when your left heel got stuck in the crevice?' The answer:—'You can't get stuck in it without being near it.' Finally at line 23 the question reads: 'Were you right at the

edge of platform when your left heel got stuck?' The answer was:—'Correct.'

"By the plaintiff's own account, his accident was caused by his turning around when his name was called just at the point where the truck met the platform."

Thus, in the view of the court, on a motion for summary judgment the court may decline to subject an owner-landlord to the burden of defending at a trial where it is evident that there was no violation of the reasonable duty of care. Since the court dismissed the main action against defendant, it also dismissed the third-party action. However, the court was in error in granting the motions for summary judgment dismissal. There are clearly unresolved questions of fact here which warrant trial. Defendant certainly did not establish as a matter of law that the loading platform was in no respect defective or that plaintiff was solely responsible for the accident. It should be noted that in contrast to plaintiff, who submitted an affidavit from a professional engineer concluding that, based upon his review of the depositions, defense counsel's investigative file, photographs and an on-site inspection by someone from his office, the wood loading dock and bumper were faulty and, therefore, constituted a dangerous condition, defendant provided absolutely no evidence concerning the condition of the loading platform. Moreover, whether plaintiff's possible negligence contributed to, or caused, the accident merely raises an issue of fact. Proximate causation is generally a factual matter, and alternate theories of explanation require a trial *(Mitchell v Maguire Co.,* 151 AD2d 355). As this court recently observed in *Dauman Displays v Masturzo* (168 AD2d 204, 205, *lv dismissed* 77 NY2d 939): "Issue-finding, not issue determination, is the purpose of a summary judgment motion. *(See, Assaf v Ropog Cab Corp.,* 153 AD2d 520, 521 [1st Dept 1989].)* Thus, summary judgment is to be granted only when there are no genuine issues of material fact * * * In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party".

It was improper for the court to conclude, simply from perusing plaintiff's deposition testimony, that he was negligent and that, further, his actions were the exclusive cause of the accident *(see, Oprisko v Royal Jobbers,* 158 AD2d 875). Consequently, the motions for summary judgment dismissing the complaint by defendant and third-party defendant should have been denied. Concur—Carro, J. P., Milonas, Ellerin and Smith, JJ.