■ CATHERINE BUSONE et al., Respondents, v CITY OF TROY, Appellant. [639 NYS2d 589] —Casey, J.

In March 1992, plaintiff Catherine Busone (hereinafter plaintiff) fractured her left ankle due to a fall allegedly caused by a pothole located in a sidewalk on Williams Street in the City of Troy, Rensselaer County. Plaintiff (then age 37) was alighting from a van, which she had just parked in a lot adjacent to Williams Street, when she fell into the hole

---

estimated to be three feet long, 17 inches wide and three inches deep.

Plaintiff and her spouse thereafter commenced this action, alleging that their damages had been caused by defendant's breach of its duty to maintain its streets in a reasonably safe condition. Following discovery, defendant made a motion for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant appeals.

This case turns upon whether defendant had received sufficient notice of the defect in the pavement where plaintiff fell to constitute compliance with defendant's Local Laws, 1983, No. 1, which provides that defendant can only be held liable for damages resulting from defects in its streets if "written notice thereof relating to the particular place or condition was actually given to the city clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remedy the condition".

Our review of the record discloses that the only prior notice received by defendant was a letter sent to the City Clerk's office by resident Josephine Biski in March 1990, stating that the segment of Williams Street located between Ferry Street and Liberty Street "has potholes all through the alley". We find that this notice was too remote from both the time and place of plaintiff's accident to satisfy the statutory notice requirement. The Biski letter was received by defendant approximately two years prior to plaintiff's fall and the area it complains of is located 0.408 miles from the area where plaintiff fell. Written notice will be found to impose liability upon a municipality only when it gives notice of hazardous conditions "at a specified location" (*Poirier v City of Schenectady*, 85 NY2d 310, 314). In the instant matter, the Biski letter refers to an area too remote in time and space from the location at issue to constitute the notice required to render defendant liable to plaintiffs (*see, Holt v County of Tioga*, 95 AD2d 934, 934-935, *lv denied* 60 NY2d 560, *appeal dismissed* 466 US 919; *see also, O'Rourke v Town of Smithtown*, 129 AD2d 570, 571-572).

The record does not support the contention that defendant had actual notice of the pothole which might be construed as circumventing the strict construction given to written notice provisions (*see, Jackson v City of Mount Vernon*, 213 AD2d 892, 893, *lv denied* 85 NY2d 812; *Lalley v Adam, Meldrum & Anderson Co.*, 186 AD2d 1083, 1084).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, mo-

tion granted, summary judgment awarded to defendant and complaint dismissed.