■ THERESA M. McGUIRE, Appellant, v JOHN J. CIPRIONI et al., Respondents. [692 NYS2d 865] —Mikoll, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered May 11, 1998 in Rensselaer County, which granted defendants' motions for summary judgment dismissing the complaint.

On May 24, 1995, plaintiff tripped and fell on a public sidewalk in front of 211 Washington Street in defendant City of Rensselaer, Rensselaer County, injuring her knee. Alleging that her fall was caused by several loose bricks which had fallen onto the sidewalk from a wall on the adjoining private property, plaintiff commenced this negligence action against the City, as owner of the sidewalk, and defendant John J. Ciprioni, as the owner of the adjoining property. Following discovery, the City moved for summary judgment dismissing the complaint on the ground that it had not received the requisite prior written notice of the defect, and that it had neither actual nor constructive notice thereof. Ciprioni cross-moved for the same relief on the latter ground. Supreme Court granted defendants' motions, and this appeal by plaintiff ensued.

We affirm. As to the City's summary judgment motion, Rensselaer City Charter § 78 (1) provides that no civil action in consequence of an injury resulting from, *inter alia*, a dangerous or defective sidewalk may be maintained unless the City had prior written notice of the condition and failed to remedy it within a reasonable time thereafter (*see*, Second Class Cities Law § 244). The City presented uncontroverted evidence that it neither received written notice of the claimed sidewalk defect prior to plaintiff's accident nor had any actual knowledge of the presence of bricks thereon. As to plaintiff's contention that the City had constructive notice of the dangerous condition, there is no longer any such exception to the prior written notice rule (*see*, *Amabile v City of Buffalo*, 93 NY2d 471).

Turning to Ciprioni's motion, we note that he supported his motion for summary judgment with his own testimony and an affidavit averring that he had no actual knowledge of the claimed defect. He also supplied an affidavit from his tenant at 211 Washington Street, Valerie Green. Green averred that she and her husband were responsible for general maintenance of the property, including mowing the lawn and trimming the hedges, and that in the 12 years she resided there she had never seen any bricks lying on the sidewalk or received complaints concerning same.

Plaintiff failed to rebut this showing with evidence establishing Ciprioni's actual or constructive notice of the claimed

defect. Plaintiff relies exclusively on a photograph taken four days after the accident, purportedly depicting weeds and bricks on the sidewalk, from which she speculates that the bricks had been present for a sufficient length of time to raise a question of fact as to constructive notice. We are not persuaded. Notably, plaintiff testified in her deposition that the photograph does not depict the position of the bricks on the night of her fall, explaining that "somebody moved them over". With no other evidence to show the length of time the bricks were on the sidewalk, especially in view of the transitory nature of the defect (*see, Horton v City of Schenectady*, 194 AD2d 973), plaintiff has not established the existence of a triable issue of fact and, therefore, Ciprioni's motion for summary judgment was also properly granted.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.