■ RICHARD P. MILLER et al., Appellants, v CITY OF ALBANY, Respondent. [717 NYS2d 697] —Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered May 4, 2000 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Dorothy M. Miller (hereinafter plaintiff) tripped and fell as she crossed a metal plate that was two inches lower than the surface of the surrounding sidewalk on Hudson Avenue in the City of Albany. Plaintiff and her husband, derivatively, commenced this action seeking recovery for personal injuries sustained in her fall. Defendant moved for summary judgment dismissing the complaint on the ground that there

was no prior written notice of the condition of the sidewalk which is a prerequisite to maintenance of an action under Local Laws, 1953, No. 1 of the City of Albany § 24-1 (A) (hereinafter Local Law No. 1). Supreme Court granted the motion finding that defendant had not received prior written notice and was not affirmatively negligent. Plaintiffs now appeal.

It is a well-settled principle that a municipality which has enacted a prior written notice statute is not subject to liability for personal injury resulting from an improperly maintained sidewalk unless it received prior written notice of the condition, the accident was proximately caused by an affirmative act of negligence or a special use confers a benefit on the municipality (*see, Amabile v City of Buffalo*, 93 NY2d 471, 474; *Estrada v City of New York*, 273 AD2d 194, 195, *lv denied* 95 NY2d 764; *Allen v Matthews*, 266 AD2d 782, 785). Here, there is no dispute that Local Law No. 1 requires prior written notice of a defective or unsafe sidewalk, prior written notice of the defect involved here was not given and the special use exception is not applicable.

Nevertheless, plaintiffs rely on Second Class Cities Law § 244 which, unlike Local Law No. 1, precludes an action for personal injuries in the absence of prior written notice "unless it appears that such defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence." However, this Court has refused to impute constructive notice of a dangerous sidewalk condition to a municipality, stating that "there is no longer any such exception to the prior written notice rule" for a second class city (*McGuire v Ciprioni*, 263 AD2d 751). The Court of Appeals also has recognized that "constructive notice of a defect may not override the statutory requirement of prior written notice of a sidewalk defect" (*Amabile v City of Buffalo, supra*, at 475-476). Thus, no constructive notice exception can be read into Local Law No. 1.

Although plaintiffs also argue that Local Law No. 1 cannot supersede Second Class Cities Law § 244 due to its failure to state what statute it was intended to supersede pursuant to Municipal Home Rule Law § 22 (1), we note that section 22 (1) expressly provides that a failure to specify shall not affect the validity of Local Law No. 1 and there can be no reasonable doubt as to what statute was intended to be superseded here (*cf., Kamhi v Town of Yorktown*, 74 NY2d 423, 434-435).

Lastly, we find no merit in plaintiffs' alternate contention that there is an issue of fact pertaining to the exception to a

prior notice statute applicable where, through an affirmative act of negligence, the municipality creates the defect which caused the injury (*see, Amabile v City of Buffalo*, 93 NY2d 471, 474, *supra; Estrada v City of New York, supra*, at 195; *Allen v Matthews, supra*, at 785). There is no dispute here that defendant does not own the sidewalk in question, did not install or maintain the sidewalk, and did not conduct any maintenance or repair work on or near the metal plate during the past 20 years. In addition, there is no evidence that defendant was involved in the State construction project described in the deposition of plaintiff's husband as occurring near the metal plate at the time of plaintiff's fall. Moreover, plaintiffs presented proof by the affidavit of William O'Leary that the metal plate had existed in a depressed condition for many years previously, thus belying any claim that defendant created that condition by the recent use of construction equipment in the area. As a result, the testimony of plaintiff's husband establishes only the existence of a defective condition and sheds no light on how it came about. Thus, there is no issue of fact as to whether defendant was affirmatively negligent in causing plaintiff's injuries, and Supreme Court correctly granted defendant summary judgment.

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.