■ JOSEPHINE MAROTTA et al., Appellants, v MORRIS MASSRY et al., Defendants, and CITY OF SCHENECTADY, Respondent. [719 NYS2d 737] —Cardona, P. J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 13, 1999 in Sche-

nectady County, which, *inter alia*, granted defendant City of Schenectady's motion for summary judgment dismissing the complaint against it.

On February 13, 1997, plaintiff Josephine Marotta (hereinafter plaintiff) slipped and fell on a portion of curbing in front of Sheridan Village Apartments in the City of Schenectady, Schenectady County. As a result of injuries sustained in the accident, plaintiff and her husband, derivatively, commenced this negligence action against the owners of the apartment complex (hereinafter the owners) and defendant City of Schenectady (hereinafter defendant). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the grounds that it did not have prior written notice of a defect in the curbing where plaintiff fell and plaintiff failed to establish that a defect in the curbing was the cause of her fall. The owners also moved for summary judgment dismissing the complaint against them. Supreme Court, *inter alia*, granted defendant's motion resulting in this appeal.

Plaintiffs contend that defendant's motion should have been denied because a question of fact exists as to whether defendant received prior written notice of the defect at issue. In particular, plaintiffs rely upon a May 2, 1994 letter from the owners' property manager to defendant's Mayor purportedly bringing this matter to his attention.

We note that prior written notice provisions limit a municipality's duty of care "over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (*Poirier v City of Schenectady*, 85 NY2d 310, 314). "Notice of one isolated pavement defect does not, without more, qualify as notice to a municipality of another pavement defect just because it happens to be nearby [citations omitted]" (*Jones v Town of Brookhaven*, 227 AD2d 530; *see, O'Rourke v Town of Smithtown*, 129 AD2d 570, 571-572; *Leary v City of Rochester*, 115 AD2d 260, *affd* 67 NY2d 866). Rather, the characterization of the defect contained in the notice must reasonably encompass the particular patent defect alleged to have caused the subject accident in order to successfully resist a motion for summary judgment (*see, Brooks v City of Binghamton*, 55 AD2d 482, 484).

In this case, the letter upon which plaintiffs rely advised, in pertinent part, that "the curbing on the corners of Gerling Street and Sheridan Avenue is in terrible disrepair." It is undisputed that this location was approximately 20 to 30 feet away from the area in which plaintiff fell and did not provide

specific detail as to the nature of the defect. In addition, the letter was written nearly three years prior to the incident in question. Under the circumstances, we agree with Supreme Court that the letter "refers to an area too remote in time and space from the location at issue to constitute the notice required to render defendant liable to plaintiffs" (*Busone v City of Troy*, 225 AD2d 967, 968). Consequently, we conclude that defendant's motion for summary judgment was properly granted. Based upon our determination, it is unnecessary to reach plaintiffs' contention that the record presented a question of fact as to the cause of plaintiff's fall.

Mercure, Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.