■ PETER P. DALTON et al., Appellants, v CITY OF SARATOGA SPRINGS, Respondent. [784 NYS2d 702]—

Crew III, J.P. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered September 4, 2003 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

On December 31, 2001, while en route to a First Night celebration in the City of Saratoga Springs, Saratoga County, plaintiff Peter P. Dalton tripped and fell on a cracked portion of the public sidewalk located between Congress Park and Broadway near Spring Street. Dalton was transported to a local hospital and thereafter underwent surgery and physical therapy for a fractured kneecap. Dalton and his spouse timely filed a notice of claim and subsequently commenced this action against defendant alleging, inter alia, that defendant was negligent in its maintenance of the subject sidewalk. Following joinder of issue but prior to any discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion, finding that the lack of prior written notice of the alleged defect, as required by Saratoga Springs City Charter § C-55, was a complete bar to plaintiffs' action. This appeal by plaintiffs ensued.

Preliminarily, we reject defendant's assertion that this appeal should be dismissed due to plaintiffs' failure to serve defendant with the notice of appeal as required by CPLR 5515 (1). While it is true that a complete failure to follow the procedures set forth in CPLR 5515 indeed deprives this Court of jurisdiction to entertain an appeal (*see Matter of Malik v Coughlin*, 127 AD2d 948, 949 [1987]), where, as here, the appellant timely files the notice of appeal in the appropriate court and there is no evidence that the opposing party has been prejudiced by the lack of service, we have found such omission to be harmless error (*see Morrison v Piper*, 160 AD2d 1066, 1067 n 2 [1990], *revd on*

*other grounds* 77 NY2d 165 [1990]; *Carp v Marcus*, 138 AD2d 775, 776 [1988]). Accordingly, we will proceed to the merits of the appeal.

Based upon our review of the record as a whole, including the parties' post argument submissions, we agree that the lack of prior written notice is fatal to plaintiffs' claim and, accordingly, affirm Supreme Court's order granting defendant's motion for summary judgment dismissing the complaint. Saratoga Springs City Charter § C-55 provides, in relevant part, as follows: "No civil action shall be maintained against the city for damages or injuries to person or property sustained in consequence of any . . . sidewalk . . . being out of repair, unsafe, dangerous or obstructed . . . , unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition . . . was actually given to the Commissioner of Public Works and there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of . . . , or the place otherwise made reasonably safe." The same provision requires defendant to maintain an index of any such written notice received, together with the date of receipt of such notice, the nature and location of the defect or condition specified and the name and address of the complainant. Where, as here, a municipality has enacted a prior written notice statute, it cannot be held liable for a dangerous or defective thoroughfare or sidewalk in the absence of such written notice (*see Poirier v City of Schenectady*, 85 NY2d 310, 313-314 [1995]; *Lifer v City of Kingston*, 295 AD2d 695, 696 [2002]). In this regard, the Court of Appeals has recognized "only two exceptions to the statutory rule requiring prior written notice, namely, where the locality created the defect or hazard through an affirmative act of negligence and where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999] [citation omitted]; *see Poirier v City of Schenectady, supra* at 314-315; *see also Hendrickson v City of Kingston*, 291 AD2d 709 [2002], *appeal dismissed and lv denied* 98 NY2d 662 [2002]).

In support of its motion for summary judgment, defendant submitted the affidavit of its Deputy Commissioner of Public Works, who averred that a review of the relevant records revealed that no written notice of any defect was received with regard to the subject sidewalk, thereby shifting the burden to plaintiffs to either raise a question of fact as to the required written notice or demonstrate the availability of a recognized exception. This plaintiffs failed to do.

As to the issue of written notice, counsel for plaintiffs averred

that he reviewed the records of defendant's Department of Public Works and located work order No. 393, stating "Congress Pk ES of Park has a terrible sidewalk & also along WS."[1] Plaintiffs' reliance upon this document is misplaced. As a starting point, there is no indication that the complaint that generated the foregoing work order was in fact written as required by the underlying statute. Verbal complaints transcribed to a written telephone message or, here, a work order do not satisfy the statutory requirement (*see Cenname v Town of Smithtown*, 303 AD2d 351, 352 [2003]). Additionally, the work order in question predates Dalton's accident by four years and, at best, generally alleges a deteriorating sidewalk along the west side of the park. In our view, the work order relied upon by plaintiffs is too remote in both time and space to satisfy the written notice requirement as it fails to identify the particular defect that caused Dalton to fall and the location of that defect (*see McCabe v Town of Riverhead*, 2 AD3d 416, 417 [2003]; *Marotta v Massry*, 279 AD2d 877, 878-879 [2001]; *Busone v City of Troy*, 225 AD2d 967, 968 [1996]).[2] Thus, plaintiffs failed to raise a question of fact as to the issue of prior written notice.

Nor are we persuaded that plaintiffs have demonstrated the availability of an exception. There simply is nothing in the record to support either a finding of special use/special benefit or a finding that defendant affirmatively created the hazard alleged. Plaintiffs' remaining arguments, including their assertion that the lack of discovery militates in favor of denying defendant's motion, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

**1.** "ES" presumably refers to the east side of the park, with "WS" presumably referring to the west side of the park. Dalton's accident occurred on the sidewalk adjacent to the west side of the park.

**2.** To the extent that plaintiffs argue that the cited work order constitutes a "written acknowledgment" of a defective condition and, hence, seek to benefit from the Court of Appeals' recent decision in *Bruni v City of New York* (2 NY3d 319 [2004]), we are not so persuaded. First, the statute at issue in *Bruni*, New York City's "Pothole Law" (*see* Administrative Code of City of NY § 7-201 [c]), lists, as one of the three alternative prerequisites to maintaining an action against the City, "written acknowledgement [*sic*] from the city of the defective, unsafe, dangerous or obstructed condition." No such alternative or option exists in Saratoga Springs City Charter § 55. Additionally, the Court of Appeals in *Bruni* defined "written acknowledgment" as "a written statement showing that the city agency responsible for repairing a condition had first-hand knowledge both of the existence and the dangerous nature of the condition" alleged (*Bruni v City of New York, supra* at 325). In our view, work order No. 393 lacks the specificity to meet the definition of an acknowledgment. Hence, we find *Bruni* to be entirely distinguishable from the matter before us.