■ ELLEN MASSEY et al., Respondents, v CITY OF COHOES, Appellant. [826 NYS2d 779]—

Lahtinen, J. Appeal from an order of the Supreme Court (McNamara, J.), entered April 24, 2006 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Ellen Massey (hereinafter plaintiff) and her husband, derivatively, commenced this action against defendant seeking compensation for personal injuries allegedly sustained when plaintiff tripped and fell on an uneven slab of sidewalk in front of Cohoes City Hall. Defendant moved for summary judgment dismissing the complaint upon the ground that it had not received adequate prior written notice of the alleged defect. Supreme Court denied the motion finding that a written report filed with defendant from another trip and fall that occurred in front of City Hall less than three months before the subject accident was sufficient to raise a factual issue as to whether defendant received adequate written notice of the condition. Defendant appeals.

We affirm. To satisfy a prior written notice statute, the notice relied upon by a plaintiff must not be too remote in time or location (see Busone v City of Troy, 225 AD2d 967, 968 [1996]; see also Dalton v City of Saratoga Springs, 12 AD3d 899, 901 [2004]; Marotta v Massry, 279 AD2d 877, 878-879 [2001]). A recent prior written notice that does not provide an exact location, but which nevertheless reasonably identifies the area of the purported defect, may give rise to a question of fact for the jury as to the sufficiency of the notice (see Svartz v Town of Fallsburg, 241 AD2d 799, 801 [1997]; Harrington v City of Plattsburgh, 216 AD2d 724, 724 n [1995]; Pier v Pavement Resource Mgrs., 144 AD2d 803, 804 [1988]; Brooks v City of Binghamton, 55 AD2d 482, 484 [1977]).

Here, the accident occurred on September 23, 2003 and a prior incident report—dated June 26, 2003 and involving a trip and fall that occurred on June 25, 2003—had been filed with

defendant.* The June 2003 report stated that the person involved "tripped over sidewalk that was sticking up" and that the accident occurred "[i]n front of Cohoes City Hall." The uneven slab that plaintiff asserts caused her fall is readily apparent in the photographs in the record and the size of the sidewalk area immediately in front of City Hall is relatively small. In light of such facts, we agree with Supreme Court that there is a factual issue as to whether the June 2003 written notice constituted sufficient prior notice under the germane provision of the Cohoes Charter and Code.

Defendant further contends that plaintiffs failed to adequately plead prior written notice in their complaint. Initially, we note that it is not clear whether this record contains all the relevant pleadings and, in any event, the apparent proper course under the current circumstances would be to permit plaintiffs to amend their complaint (*see Harrington v City of Plattsburgh, supra* at 724-725; *see also Smith v Day Co.*, 242 AD2d 394, 396 [1997]). Moreover, as noted by Supreme Court, the alleged imperfection in the pleadings would not support summary judgment (*see McIntyre v State of New York*, 142 AD2d 856, 858 [1988]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

* An earlier report of a trip and fall in February 2002 was found by Supreme Court to be too remote in location and time to raise a factual issue.