■ JACKIE BLANC et al., Respondents, v CITY OF KINGSTON, Appellant. (And Six Other Related Actions.) [892 NYS2d 589]—

Kane, J.

In January 2004, plaintiffs' properties sustained damage as a result of the collapse of a sewer main located beneath Wilbur

Avenue in the City of Kingston, Ulster County. Plaintiffs commenced these seven actions alleging that defendant was negligent in its maintenance and repair of the sewer line. Defendant moved for summary judgment dismissing the complaints because it was not provided with prior written notice of any defect as required by Kingston City Charter § C17-1. Supreme Court denied the motion, prompting defendant's appeal.

Pursuant to defendant's charter, plaintiffs were required to prove that defendant had prior written notice of the sewer line defect. Unlike the local laws involved in cases cited by plaintiffs (*see Windsor Ct. Assoc., LP v Village of New Paltz*, 27 AD3d 814, 815 [2006]; *Barsh v Town of Union*, 126 AD2d 311, 313 [1987]), the plain language of Kingston City Charter § C17-1 is not limited to streets, sidewalks and similar areas, but requires prior written notice of defects or dangerous conditions in an expanded list of publicly-owned properties, specifically including any "sewer."*

Defendant received prior written notice of the sewer line defect. Multiple written complaints concerning defendant's sewer system throughout the city did not give notice of the specific area of the sewer main that burst in January 2004. Similarly, even if they mentioned defects in the area at issue, newspaper articles, work orders and other documents not filed with defendant's clerk did not satisfy the filing requirements for prior written notice. On the other hand, the record contains a copy of a written notice of claim filed with defendant's clerk by plaintiffs Jackie Blanc and James H. Blanc in response to two previous discharges of sewage onto their property in 2001. That notice, which was signed for by defendant's employee approximately $2^{1/2}$ years prior to the incident at issue here, described a nearly identical problem and delineated the same area of Wilbur Avenue, thus supporting Supreme Court's finding that it was not remote in time or location. For the purpose of resisting a summary judgment motion, the notice need not establish the exact location of the defect where, as here, the record otherwise establishes multiple defects in the immediate vicinity (*see Massey v City of Cohoes*, 35 AD3d 996, 996 [2006]; *Harrington v City of Plattsburgh*, 216 AD2d 724, 724 n [1995]; *Brooks v City of Binghamton*, 55 AD2d 482, 484 [1977]). Ac-

---

* Because no party challenged the local law as contrary to or in violation of state legislation, we will not address whether a municipality may lawfully require prior written notice of a defect that is subsurface and not visible, as opposed to limiting notice statutes to observable surface defects (*compare* General Municipal Law § 50-e; Town Law § 65-a; Village Law § 6-628; *cf. Pluchino v Village of Walden*, 63 AD3d 897, 897 [2009]; *Klimek v Town of Ghent*, 71 AD2d 359, 361 [1979]).

cordingly, the court properly denied defendant's motion for summary judgment.

As prior written notice was supplied, we need not address the alternative arguments concerning exceptions to the written notice requirement.

Mercure, J.P., Spain, Rose and Garry, JJ., concur. Ordered that the order is affirmed, without costs.