[912 NYS2d 379]

Sonia Weissman, Plaintiff, v City of New York, Defendant.

Supreme Court, Queens County, October 12, 2010

**APPEARANCES OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel*, Jamaica (*Susanna Roif* of counsel), for defendant. *Marcel Weisman*, New York City, for plaintiff.

**OPINION OF THE COURT**

Kevin J. Kerrigan, J.

It is ordered that the motion and cross motion are decided as follows:

Motion by the City for summary judgment dismissing the complaint as against it is denied. Cross motion by plaintiff for partial summary judgment on the issue of liability and for the imposition of sanctions pursuant to 22 NYCRR 130-1.1 is denied.

Plaintiff allegedly sustained injuries as a result of tripping and falling upon a raised and uneven sidewalk flag abutting the premises 70-07 170th Street in Queens County on September 14, 2008. The City moves for summary judgment upon the ground that no prior written notice of the condition was filed and that it did not create the condition or cause it through a special use of the sidewalk.

Pursuant to Administrative Code of the City of New York § 7-201 (c) (2), prior written notice is a condition precedent to maintaining an action against the City for damages relating to a street or sidewalk defect (see Katz v City of New York, 87 NY2d 241 [1995]; Quinn v City of New York, 305 AD2d 570 [2d Dept 2003]; Campisi v Bronx Water & Sewer Serv., 1 AD3d 166 [1st Dept 2003]). Plaintiff must both plead and prove that the City had prior written notice of the condition, otherwise no liability may be imposed upon the municipality (see Estrada v City of New York, 273 AD2d 194 [2d Dept 2000]; Quinn v City of New York, supra). The only exceptions to the requirement of prior written notice are where the municipality created the defect or hazard through an affirmative act of negligence and where it made a special use of the area (see Amabile v City of Buffalo, 93 NY2d 471 [1999]), neither of which exceptions is alleged in the instant matter.

In support of its motion, the City proffers the affidavit of Dmitriy Surkov, research assistant for the Department of Transportation (DOT), who averred that a search conducted by his office for the subject location for the two-year period antedating the accident for applications, permits, corrective action requests, notices of violation, maintenance and repair records, sidewalk violations, contracts, complaints and Big Apple maps (BAMs) and legends yielded no records except a BAM, with legend, that was served upon the DOT on July 30, 2003. He also averred that said BAM was the most recent one on file prior to September 14, 2008, the date of the accident.

Also annexed to the moving papers is an affidavit of one Penny Jackson, FOIL unit supervisor for the DOT in which she averred that the BAM served on July 30, 2003 was the latest one served

for the subject location and that there was no subsequent service of any more recent maps for the subject location.

The City annexes to the moving papers a copy of the aforementioned BAM and its legend. Counsel for the City concedes that "the BAM served on the City on July 30, 2003 indicates a marking for a raised sidewalk at or near the location of the alleged accident."

The City does not dispute that a Big Apple map submitted to the DOT may serve as prior written notice to the City of an alleged defect (*see Katz v City of New York*, 87 NY2d 241 [1995]). But the City's contention, and its basis for summary judgment, is that sidewalk defects are transient and, therefore, the Big Apple map depicting the sidewalk condition and location complained of by plaintiff served upon the City in 2003, five years prior to the date of the accident, is too remote in time to serve as prior written notice of the actual condition alleged to have caused plaintiff's injuries and, thus, plaintiff has failed to satisfy the prior written notice requirement and the complaint must be dismissed. This argument—the first time, as far as this court can ascertain, that the City has ever asserted it (indeed, counsel for the City states that the issue is one of first impression)—is not supported by any authority cited by the City.

In *Katz v City of New York* (87 NY2d 241 [1995]), cited by counsel for the City, the Court of Appeals merely held that since a subsequent successor Big Apple map of the same location supercedes an earlier one, prior notice to the City must be based upon the map closest in time to the date of the accident. On the basis of this principle, the Court of Appeals affirmed the dismissal of an action against the City where there was a Big Apple map that depicted the same type of defect that allegedly caused plaintiff's injuries at the location of the accident, but where a subsequent map of the location, closer to the date of the accident, revealed no defects. Its opinion was based upon the obvious premise that a later map closer to the date of the accident more accurately depicts the condition of the location on the date of the accident than an earlier one and, thus, is the relevant one for the purpose of establishing prior notice. It is also obvious that this premise reflects the understanding that sidewalk conditions may change over time.

However, it may not be inferred from *Katz* that a five-year-old Big Apple map may never, as a matter of law, serve as prior written notice even if it is the most current map on file. Indeed, quite the opposite may be inferred. The Court of Appeals stated, in relevant portion,

"We conclude that the City properly requires that prior notice be traced to the most current Big Apple map on file, i.e., the map that is the closest in time to the date a defect is alleged to have caused an accident. Given the Department of Transportation's mandate to maintain all written notices for three years from the date of receipt and thereafter preserve them in the municipal archives for not less than 10 years (see Administrative Code § 7-201 [c] [3]), a policy that traces notice to the latest dated map diminishes the potential for an arbitrary, selective search of recorded notices. As a practical matter, such a policy is logical based not only on the mechanics of Big Apple's filing system but also on the reasonable expectation that in the event two Big Apple maps depict the same area and both predate plaintiff's accident, the later dated map most accurately portrays the area on the date of the accident . . . Thus, requiring a search to proceed from the most current notices back to older notices at once accords the prior notice provision the strict construction it is due and ensures a fair search of the records" (87 NY2d at 244-245).

The Court of Appeals, here, is saying that a search of Big Apple maps filed with the City must proceed from the most current map filed prior to the date of the accident and go backward until the latest map depicting the location of the accident is found, irrespective of how far back that may be. The Court of Appeals, within the context of its opinion that a search must proceed from the most current notice and go back to older notices, would not have emphasized that written notices must be maintained by the DOT for three years and in the municipal archives for no less than 10 years if it believed that notices that old were too stale and could never serve as prior written notice.

The City also cites, and primarily relies upon, *Massey v City of Cohoes* (35 AD3d 996 [3d Dept 2006]), *Busone v City of Troy* (225 AD2d 967 [3d Dept 1996]), *Dalton v City of Saratoga Springs* (12 AD3d 899 [3d Dept 2004]) and *Marotta v Massry* (279 AD2d 877 [3d Dept 2001]) in support of its position that the Big Apple map at issue herein was too outdated to satisfy the prior written notice requirement. Although these cases state that a notice of claim must not be too remote in time and location, it would be misleading to take such statement out of the factual context of those cases and suggest that those cases stand

for the proposition that no written notice that antedates the accident by a certain period of time may satisfy the prior written notice requirement. These cases do not set an expiration date for prior written notices, but merely hold that a written notice that does not identify the particular condition that caused the plaintiff to trip and refers to a location that is too remote from the area where the plaintiff fell may not satisfy the prior written notice requirement.

The plaintiff in *Busone* allegedly tripped in a pothole in a sidewalk, but the only prior notice proffered was a letter from another individual filed two years previously complaining that a location over two fifths of a mile from the location where plaintiff fell had "potholes all through the alley." (225 AD2d at 968.) Likewise, the only purported notice proffered in the *Dalton* matter was a work order generated by the municipality fours years prior to the accident which merely alleged a deteriorating sidewalk in general and failed to identify either the particular defect that caused plaintiff to fall or its location. Similarly, the plaintiff in *Marotta* relied upon a letter written three years prior to the accident which did not provide any detail as to the nature of the defect but merely stated that the curb in an area 20 to 30 feet away from the accident location was in disrepair. Conversely, in *Massey*, where the plaintiff was alleged to have tripped over an uneven sidewalk flag in front of the municipality's city hall, a written report had been filed less than three months previously by another person who claimed to have tripped over an upraised sidewalk in front of the city hall and, thus, it reasonably identified the area, which was relatively small, and the defect was readily apparent from the photographs in the record.

Therefore, these cases merely reiterate the general rule that a prior written notice must identify the specific defect and reasonably encompass the location of the defect. The time element is relevant merely to the extent that the inadequacy (or, in the case of *Massey*, the adequacy) of the notice in terms of identifying the specific defect and its location is exacerbated (or enhanced) by the remoteness or proximity in time of the notice. No case law is cited by the City, and this court is unaware of any, holding that prior written notice must be less than five years old to be effective.

The cases cited by the City in support of its argument that all sidewalk defects are, as a matter of law, transitory and, therefore, prior written notice that was not given shortly before

the date of the accident is ineffective are without merit. The cases cited in its affirmation in support of the motion, *Caselli v City of New York* (105 AD2d 251 [2d Dept 1984]), *Matter of Turner v Town of Oyster Bay* (268 AD2d 526 [2d Dept 2000]), *Henrickson v City of New York* (285 AD2d 529 [2d Dept 2001]), *Wilson v New York City Hous. Auth.* (187 AD2d 260 [1st Dept 1992]), *Levine v City of New York* (111 AD2d 785 [2d Dept 1985]), *McGuire v Ciprioni* (263 AD2d 751 [3d Dept 1999]), *McKie v City of New York* (79 AD2d 901 [1st Dept 1981]), *Sarkissian v City of New York* (302 AD2d 583 [2d Dept 2003]) and the string citations that follow, are inapposite since they have nothing to do with the issue of prior written notice but only concern the failure of the claimant to serve a timely or adequate notice of claim.

A notice of claim is served after an alleged accident to afford the City a timely opportunity to investigate the circumstances of the plaintiff's claim, since, among other things, the state of the alleged defect as it existed on the date of the accident is important in determining the issue of negligence. A prior written notice of the alleged condition, on the other hand, does not contemplate litigation and is not for the purpose of allowing the municipality to investigate the circumstances surrounding a personal injury claim, but is for the purpose merely of apprising the municipality of the existence of a dangerous condition and to afford it the opportunity to correct the condition. That the condition may have been less or more severe on the date the written notice was given than it was on the date of the accident is of no moment, since the only relevant inquiry after a claim has been filed is what the state of the defect was on the date of the accident.

If the court were to blur the distinction between a notice of claim and a prior written notice and accept the City's argument that the "transitory nature" of a sidewalk defect mandates that prior written notice of the condition be recent in time to the accident just as a notice of claim must be, then the court would be required to hold that prior written notice of the condition must be served just as recently before the date of the accident as a notice of claim must be served after the date of the accident which, pursuant to General Municipal Law § 50-e, is 90 days. This, of course, would require the public to continually monitor a particular defect and serve the City with a new notice every three months in order to preserve any future potential claim. The imposition of a requirement that not only must a notice of

claim be filed within 90 days after the accident but that prior written notice must have also been given recently prior to the accident would effectively insulate the City against any claims.

The prior written notice requirement is in derogation of common law and must therefore be strictly construed (*see Ocasio v City of Middletown*, 148 AD2d 431 [2d Dept 1989]). In the absence of a clear provision in section 7-201 (c) (2) of the Administrative Code setting forth an expiration date for prior written notices, the court may not impose one by judicial fiat.

Although the City speculates that since 2003 there "unquestionably" and "inevitably" have been changes to the subject sidewalk, it provides no proof of such assertion. No evidence is submitted of any repairs, alterations or any work to the subject sidewalk subsequent to the date of the prior written notice establishing that the condition at issue was created by such work and, therefore, was not the same condition reported in the notice but a different condition. It is uncontested that the BAM of the subject location served upon the City on July 30, 2003 indicated the same condition that plaintiff alleges caused her to trip and fall. It is also admitted that said BAM was the latest one served upon the City prior to the date of the accident. Therefore, the prior written notice requirement has been satisfied and the City's motion must be denied.

The cross motion by plaintiff for summary judgment on the issue of liability and for the imposition of sanctions against the City pursuant to 22 NYCRR 130-1.1 is also denied.

In order to obtain summary judgment, movant must make a prima facie showing that she is entitled to said relief by tendering sufficient proof to eliminate any material issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Plaintiff has failed to meet her burden.

Plaintiff's cross motion for summary judgment is based solely upon the fact that the City had prior written notice of the condition that allegedly caused her to trip and fall and failed to repair it. However, the prior written notice requirement is merely a condition precedent to commencement of an action against the City and proof that the City received prior written notice of a condition and failed to repair it does not, in and of itself, support the granting of summary judgment to the plaintiff on the issue of liability (*see Weinreb v City of New York*, 193 AD2d 596 [2d Dept 1993]). There remain issues of fact, inter alia, whether plaintiff's injuries were caused by the condition indicated in the

BAM and alleged by plaintiff in her notice of claim (*see id.*). Moreover, the failure of plaintiff to establish, as a matter of law, or even address her freedom from comparative negligence precludes the granting of partial summary judgment on the issue of liability (*see Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2d Dept 2010]).

Finally, there is no basis for the imposition of sanctions against the City pursuant to 22 NYCRR 130-1.1. The arguments of counsel for the City were rational, well-reasoned and thought-provoking. Although the court, upon due consideration, considers the City's arguments to be without merit, they are not frivolous.

Accordingly, the motion and cross motion are denied.