■ ALICIA ROSELL, Appellant, v CITY OF KINGSTON, Respondent. [939 NYS2d 153]—

Malone Jr., J. ■

Plaintiff commenced this negligence action after she allegedly sustained injuries when she tripped and fell on a flagstone sidewalk that is maintained by defendant in front of defendant's City Hall. Following discovery, defendant moved for summary judgment dismissing the complaint on the ground that it lacked prior written notice of the specific defect that allegedly caused plaintiff's fall. Supreme Court granted the motion, finding, as is relevant here, that the prior written notice proffered by plaintiff in opposition to the motion identified a defect that was too remote in time and location. Plaintiff appeals.

Pursuant to Code of the City of Kingston § C17-1 (A), plaintiff cannot maintain this action unless she establishes that defendant had "written notice of the defective, unsafe, dangerous [or] obstructed condition of [the] . . . sidewalk . . . relating to the particular place" of the accident. Here, in support of its motion for summary judgment, defendant submitted evidence that no written notice of the allegedly defective sidewalk had been received by it prior to plaintiff's accident, which evidence was sufficient to shift the burden to plaintiff. In opposition, plaintiff submitted a letter, which she had obtained from the City Clerk through a Freedom of Information Law request, which she alleged proved that defendant had prior written notice of the defective condition of the sidewalk. The letter—which defendant concedes it received—is dated June 2004 and was sent to City Hall from an individual who claimed to have fallen on the sidewalk between a pizzeria and City Hall. In the letter, the individual claims that she "fell because of the poorly maintain[ed] sidewalk which is in need of repair" and that "[t]he sidewalks from O'R[ei]lly [Street to] Kingston Hospital are in great need of repair." The record demonstrates that plaintiff tripped and fell on the sidewalk in the area identified in that letter and that the flagstone sidewalk in that area was uneven, chipped or worn away, partially covered in dirt and was generally in extremely poor condition.

Contrary to Supreme Court's finding, there is an issue of fact as to whether the written notice proffered by plaintiff is not "too remote in time or location" (*Massey v City of Cohoes*, 35 AD3d 996, 996 [2006]) and whether it "reasonably encompass[es] the particular patent defect alleged to have caused the subject accident" (*Marotta v Massry*, 279 AD2d 877, 878 [2001]; *see Blanc v City of Kingston*, 68 AD3d 1525, 1526 [2009]). The court rejected the notice as too remote in location because

plaintiff had not fallen on the sidewalk between the pizzeria and City Hall, as the letter's author had. However, "[t]o expect a notice to be as precise as a survey or pinpoint a particular defect when more than one patently exists in the same area is unrealistic" (*Brooks v City of Binghamton*, 55 AD2d 482, 484 [1977]; *see Blanc v City of Kingston*, 68 AD3d at 1526). Plaintiff submitted evidence that both the pizzeria and City Hall—where plaintiff fell—are located between O'Reilly Street and the Kingston Hospital, which is the area described in the letter as being in a state of dangerous disrepair. Viewing the evidence in the light most favorable to plaintiff, as the nonmoving party, we find that there is a factual issue with respect to whether the area described in the letter is sufficiently limited and whether the letter "would probably have brought the particular condition at issue to the attention of" defendant (*Brooks v City of Binghamton*, 55 AD2d at 483-484; *see Massey v City of Cohoes*, 35 AD3d at 996) and given defendant a "reasonable opportunity to remedy the problem" (*San Marco v Village/Town of Mount Kisco*, 16 NY3d 111, 116 [2010]). Finally, upon this record, there is an issue of fact as to whether the notice was too remote in time (*see Blanc v City of Kingston*, 68 AD3d at 1526), particularly given that there is no indication that the condition of the sidewalk at issue had changed since the time the letter was written (*see Weissman v City of New York*, 29 Misc 3d 1064, 1068-1071 [2010]).

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.