Van Wageningen v City of Ithaca (2019 NY Slip Op 00343)





Van Wageningen v City of Ithaca


2019 NY Slip Op 00343


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

526895

[*1]JUDITH YOUNG VAN WAGENINGEN, as Administrator of the Estate of ALAN ANDREW YOUNG-BRYANT, Deceased, Respondent,
v
CITY OF ITHACA, Appellant.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Costello, Cooney & Fearon, PLLC, Syracuse (Daniel R. Rose of counsel), for appellant.
Friedlander & Friedlander, PC, Ithaca (William S. Friedlander of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (Rowley, J.), entered January 3, 2018 in Tompkins County, which denied defendant's motion for summary judgment dismissing the complaint.
Alan Andrew Young-Bryant (hereinafter decedent) died after a December 2012 incident in which he fell from defendant's trail into a gorge. Plaintiff, the administrator of decedent's estate, thereafter commenced this wrongful death action alleging that negligent trail maintenance led to the fatal fall. Defendant answered and then moved for summary judgment, arguing that it had not received prior written notice of the defective conditions on the trail as required by Ithaca City Charter former § C-107. Supreme Court denied the motion, and defendant now appeals.
We affirm. " Where, as here, 'a municipality has enacted a prior written notice statute pertaining to its thoroughfares or sidewalks, it cannot be held liable unless such written notice of the allegedly defective or dangerous condition was actually given'" (Cornish v City of Ithaca, 149 AD3d 1321, 1322 [2017], quoting Gagnon v City of Saratoga Springs, 51 AD3d 1096, 1097 [2008], lv denied 11 NY3d 706 [2008]; see Pasternak v County of Chenango, 156 AD3d 1007, 1007 [2017]). Inasmuch as the trail is a paved walkway that connects two public thoroughfares and affords individuals a general right of passage between them, it is "the functional equivalent of a sidewalk or highway" to which the prior written notice statute applies (Mullen v Town of Hempstead, 66 AD3d 745, 746 [2009], lv denied 13 NY3d 717 [2010]; see General Municipal Law § 50-e [4]; Woodson v City of New York, 93 NY2d 936, 937 [1999]; Kadlecik v Village of Endicott, 174 AD2d 923, 924 [1991]; Oprisko v Jobbers, 158 AD2d 875, 876 [1990]; cf. Quackenbush v City of Buffalo, 43 AD3d 1386, 1388 [2007]). As such, absent exceptions that are not at issue (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]), prior written notice of defects on the trail needed to be "deliver[ed] to the office of" either the City Clerk or the [*2]Superintendent of Public Works in order for this action to proceed (Ithaca City Charter former § C-107).
Even if defendant met its initial burden of showing the absence of prior written notice (see Dalton v City of Saratoga Springs, 12 AD3d 899, 900 [2004]), plaintiff responded with proof that raised a material question of fact. In particular, plaintiff produced a police investigation report concluding that decedent had fallen along a part of the trail with multiple defects, including broken pavement, a "bent/unsecured hand railing . . . and huge gap spaces in sidewalk edge adjacent to [the] cliff side edge." Plaintiff also demonstrated that, by the time of the fall, the Department of Public Works had received numerous written complaints about the condition of the trail. General complaints and the subsequent efforts of department personnel to evaluate the condition of the trail did not "obviate the need for prior written notice" of the particular defects implicated in decedent's fall (Wolin v Town of N. Hempstead, 129 AD3d 833, 835 [2015]; see Amabile v City of Buffalo, 93 NY2d at 475; Cornish v City of Ithaca, 149 AD3d at 1323; Palo v Town of Fallsburg, 101 AD3d 1400, 1400-1401 [2012], lv denied 20 NY3d 862 [2013]). That said, one of the written complaints was a January 2012 email forwarded to an Assistant Superintendent of Public Works that was, according to his testimony, "probably" shared with the Superintendent of Public Works, and attached to the email is a map with photographs that appear to reference the defects in the area where decedent fell. Accordingly, viewing the evidence in the light most favorable to plaintiff, the January 2012 email constitutes "recent prior written notice [to a statutorily-designated office] that does not provide an exact location, but which nevertheless reasonably identifies the area of the purported defect[s], [so as to] give rise to a question of fact for the jury as to the sufficiency of the notice" (Massey v City of Cohoes, 35 AD3d 996, 996 [2006]; see Rosell v City of Kingston, 92 AD3d 1123, 1124-1125 [2012]; Blanc v City of Kingston, 68 AD3d 1525, 1526 [2009]; Brooks v City of Binghamton, 55 AD2d 482, 483-484 [1977]; compare Gorman v Town of Huntington, 12 NY3d 275, 279-280 [2009]).
Defendant's remaining argument regarding the quality of the evidence submitted by plaintiff, to the extent that it is preserved for our review, has been examined and found to be meritless.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.