Bchakjan v City of New York (2022 NY Slip Op 06543)

Bchakjan v City of New York

2022 NY Slip Op 06543

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kern, J.P., Scarpulla, Pitt, Higgitt, JJ. 

Index No. 158738/17 Appeal No. 16670 Case No. 2021-02770 

[*1]Anne Bchakjan, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent, Gateway Realty LLC et al., Defendants.

Mischel & Horn, P.C., New York (Lauren E. Bryant of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered July 22, 2021, which, to the extent appealed from as limited by the briefs, granted defendant City of New York's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, plaintiff's claim reinstated, the complaint deemed amended to allege that the City had prior written notice, and the matter remanded for further proceedings consistent with this decision.
The City demonstrated prima facie entitlement to dismissal of the complaint pursuant to CPLR 3211 (a) (7) by showing that plaintiff had not pleaded that the City had prior written notice of the alleged sidewalk defect that caused plaintiff to trip and fall (see Kales v City of New York, 169 AD3d 585, 585 [1st Dept 2019]; see generally Administrative Code of the City of New York § 7-201 [c] [2]; Katz v City of New York, 87 NY2d 241, 243 [1995]). In support of its summary judgment motion, the City submitted evidence, including the most recent Big Apple Map received by the City prior to plaintiff's accident, and argued that the Map did not depict the type of sidewalk defect that plaintiff testified caused her accident.
Based on all the evidence submitted, including the Big Apple Map and photographs of the sidewalk defect, plaintiff raised a triable issue of fact as to whether the City had prior written notice of the alleged dangerous condition (see Sanchez v City of New York, 176 AD3d 490, 491 [1st Dept 2019]). The City's contention that the Big Apple Map had been rendered inapplicable by subsequent sidewalk repairs is unavailing. Aside from the fact that this argument was improperly raised for the first time on reply, the City's submissions indicated that the defect remained unchanged. Further, the issue of whether the Big Apple Map was sufficiently close in time to provide prior written notice, and whether the area had remained unchanged, was a question for the jury (see Rosell v City of Kingston, 92 AD3d 1123, 1124-1125 [3d Dept 2012]).
The evidence submitted by plaintiff in opposition to the City's motion may be considered to correct the deficiency in the pleadings regarding prior written notice (see Rovello v Orofino Realty Co., 40 NY2d 633 [1976]; Becker v City of New York, 131 AD2d 413, 415 [2d Dept 1987]). Because plaintiff previously pleaded actual notice and the City has been aware of the Big Apple Map, the City would not be prejudiced by an amendment of the pleadings to conform to the evidence, and we deem the pleadings so amended (see CPLR 3025 [c]; O'Neill v New York Univ., 97 AD3d 199, 209 [1st Dept 2012]; Reyes v City of New York, 63 AD3d 615, 616 [1st Dept 2009], lv denied 13 NY3d 710 [2009]).
To the extent the City contends that the notice of claim was insufficient absent an allegation of prior written notice, we find that it satisfied its purpose, which is to provide a description so that "municipal [*2]authorities can locate the place, fix the time and understand the nature of the accident" (Brown v City of New York, 95 NY2d 389, 393 [2000]).
The matter is remanded for determination of plaintiff's motions pertaining to discovery and trial preference, which were denied as moot.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022