■ In the Matter of THOMAS TREUTLEIN, Appellant, v RICH-ARD E. JACKSON, JR., as Commissioner of Motor Vehicles of the State of New York, Respondent. [706 NYS2d 709] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Appeals Board of the Department of Motor Vehicles of the State of New York dated November 24, 1997, which granted the petitioner's appeal from a determination of an Administrative Law Judge of the Department of Motor Vehicles dated January 27, 1997, after a hearing, that the petitioner had violated Vehicle and Traffic Law § 1180 (b) and imposed a penalty, to the extent of directing a new hearing, the appeal is from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated January 12, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified by adding thereto a provision directing that the new hearing on the charge against the petitioner is to be held before a different Administrative Law Judge; as so modified, the judgment is affirmed, with costs to the respondent.

The petitioner was issued a summons for speeding on State Route 27 in Suffolk County. After a hearing before Department of Motor Vehicles Administrative Law Judge Scheurer, the charge was sustained and, *inter alia*, a fine in the sum of $175 was imposed on the petitioner. The petitioner appealed to the Appeals Board of the Department of Motor Vehicles (hereinafter the Appeals Board) seeking, *inter alia*, dismissal of the summons. The Appeals Board agreed with the petitioner's contention that the transcript of the hearing was so defective that it precluded meaningful review. The petitioner's appeal was granted to the extent that the determination of the Administrative Law Judge was vacated, and the matter was remitted for a new hearing.

The petitioner thereafter commenced this proceeding, seeking to overturn that determination, *inter alia*, on the ground that it was arbitrary and capricious. The Supreme Court dismissed the petition.

Contrary to the petitioner's contentions, he was not entitled to the dismissal of the summons. Except in unusual instances,

e.g., in certain prison disciplinary proceedings, the proper remedy for a defective or improper administrative hearing is remittal for a new hearing (*see, Matter of Girard v City of Glens Falls,* 173 AD2d 113; *Matter of Robinson v Blum,* 73 AD2d 691). However, under all of the circumstances, the new hearing should be held before a different Administrative Law Judge.

The petitioner's remaining contentions are without merit. Thompson, J. P., S. Miller, Florio and Schmidt, JJ., concur.