■ In the Matter of Ishmail F. Muhammad, Petitioner, v Donald Selsky, as Director of Special Housing/Inmate Disciplinary Programs, et al., Respondents. [718 NYS2d 482] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with forcing another inmate to engage in sexual acts, making threats and possessing authorized material in an unauthorized area. The charges were initiated after a correction officer received a copy of a sexually explicit letter authored by petitioner wherein he allegedly requested sexual favors from another inmate. According to the other inmate, petitioner threatened to throw hot water or oil

on him if the contents of the letter were disclosed. A search of petitioner's cell revealed three containers of cooking oil which were not permitted on that cell block. At the conclusion of the tier III disciplinary hearing, petitioner was found not guilty of making threats but guilty of the remaining charges. Following the denial of his administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Petitioner contends that the determination that he forced another inmate to engage in sexual acts is not supported by substantial evidence because the record is devoid of proof that he was sexually involved with the inmate. The Hearing Officer in making that finding relied in part upon testimony of petitioner and the inmate wherein they purportedly admitted to engaging in consensual sexual activity with each other. However, due to the fact that substantial portions of the hearing tape were inaudible, we note that virtually none of the inmate's testimony was transcribed. In addition, we are not able to discern petitioner's testimony concerning his relationship with the inmate. While the record contains other evidence relied upon by the Hearing Officer, i.e., sexually explicit letters describing sexual acts and petitioner's admission that he authored them, petitioner denies that the inmate was the intended recipient of the letters or that the sexual acts referred to therein were being solicited from the inmate. Without the testimony of petitioner and the inmate as indicated, the record lacks sufficient proof to establish that petitioner and the inmate engaged in a sexual relationship or that the letters were intended by petitioner to encourage or solicit sexual acts from that inmate. Inasmuch as the deficiencies in the record preclude us from meaningful review of petitioner's contention that the determination is not supported by substantial evidence (*see generally*, *Matter of Captain Kidd's v New York State Liq. Auth.*, 248 AD2d 791; *cf.*, *Matter of Carter v Goord*, 266 AD2d 623; *Matter of Gold v Masse*, 256 AD2d 981, *lv denied* 93 NY2d 803), the matter must be remitted for a new hearing (*see*, *Matter of Treutlein v Jackson*, 271 AD2d 614, 615).

Petitioner's remaining contentions are either unpreserved for our review or need not be addressed in view of our disposition.

Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of forcing another to engage in sexual acts; matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.