■ In the Matter of ANTONIO DANIEL, Petitioner, v PETER J. LACY, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [720 NYS2d 218] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Superintendent of Bare Hill Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

The record evidence fails to provide substantial support for the determination of respondent Superintendent of Bare Hill Correctional Facility finding petitioner guilty of smuggling and stealing in violation of certain prison disciplinary rules (*cf., Matter of Foster v Coughlin*, 76 NY2d 964). The misbehavior report and corroborating testimony of the correction officer who authored it relate that six pounds of fish and six pounds of hamburger meat were found hidden in a recycling cart which had been taken to the facility loading dock. Petitioner and another inmate were the only inmates permitted in the recycling area and were responsible for the contents of the recycling carts. Despite petitioner's admission that he knew the other inmate stole the food and that the food was secreted in the cart as the other inmate pushed it to the loading dock, this did not make him an accessory subject to the same sanctions as the inmate who committed the offense (*see*, 7 NYCRR 270.3 [b]; *cf., Matter of Velez v McGinnis*, 246 AD2d 942).

Unlike the description of accessorial liability set forth in

Penal Law § 20.00, the prison regulation applicable here does not require that the accessory act with the mental culpability required for the commission of the offense (*see*, 7 NYCRR 270.3 [b] [3]). We nevertheless conclude that an affirmative action on the part of an alleged accessory is a necessary element in invoking accessorial liability for the offense of another inmate under 7 NYCRR 270.3 (b) (3). Such action was absent here, for there is no evidence that petitioner aided the other inmate in either secreting or removing food from the recycling area. The mere failure to report or prevent an offense by another person cannot be viewed as "[p]roviding assistance in any manner" (*id.*; *see*, *People v Le Grand*, 61 AD2d 815, 816, *cert denied* 439 US 835).

Cardona, P. J., Crew III, Spain and Mugglin, JJ, concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to this matter from petitioner's institutional record.