■ In the Matter of ROBERT CAHILL, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [827 NYS2d 336]—

Crew III, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered October 3, 2005 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with violating the prison disciplinary rules prohibiting conspiracy to escape and threats. The charges stemmed from the seizure of certain letters that petitioner allegedly authored and sent to a third party outlining a planned escape. At the administrative hearing that ensued, petitioner requested and was denied permission to review those letters and was found guilty as charged. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 alleging that the Hearing Officer erred in denying him access to the letters at issue and seeking to have the determination annulled and all references thereto expunged from his institutional record. Supreme Court partially granted petitioner's application, annulling respondent's determination and remitting the matter for a new hearing. Petitioner now appeals, contending that expungement was the proper remedy.

We affirm. Simply put, the matter before us falls entirely within the four corners of our prior decision in *Matter of Hillard v Coughlin* (187 AD2d 136 [1993], *lv denied* 82 NY2d 651 [1993]). In *Hillard*, the Hearing Officer denied the petitioner access to certain photographs and videotapes purportedly depicting the petitioner's participation in a prison riot. Finding that the underlying videotapes played a significant role in the Hearing Officer's finding of guilt and, further, that the Hearing Officer failed to articulate institutional safety or correctional goals sufficient to justify denying the petitioner access to the tapes, we concluded that the petitioner indeed "ha[d] been denied his regulatory right to reply to the evidence against him" (*id.* at 140). As to the appropriate remedy, we held that "the denial of petitioner's request to view the photographs and videotapes implicated only the right to confrontation and cross-examination, expressly excluded from the panoply of inmate due process rights" set forth in *Wolff v McDonnell* (418 US 539, 567-569 [1974]) and, as such, expungement was not warranted (*Matter of Hillard v Coughlin, supra* at 140).

Here, the letters sought to be reviewed by petitioner are directly analogous to the videotapes at issue in *Hillard* and, therefore, the Hearing Officer's unsubstantiated refusal to allow petitioner to examine the letters offended only petitioner's regulatory, as opposed to constitutional, rights. Accordingly, Supreme Court did not err in remitting this matter for a new hearing.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.