■ In the Matter of CARLO HUSTON, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [895 NYS2d 548]—

Stein, J.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules prohibiting smuggling, stealing, being out of place, making false statements and bringing a container into the mess hall. The charges stemmed from the

discovery of several items of food inside two bags that petitioner and another inmate were attempting to carry out of the mess hall. At a tier III disciplinary hearing, petitioner was found guilty of smuggling, stealing and making false statements and not guilty of the remaining charges. The determination of guilt was upheld on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.[1]

Petitioner's contention that the misbehavior report was not sufficiently particular to give him notice of the charges against him is without merit. The report contains the date, time and place of the offense, as well as the disciplinary rules that petitioner allegedly violated and provides a factual basis, including a list of the unauthorized food items allegedly taken from the mess hall, to enable petitioner to prepare a defense (*see Matter of Page v Fischer*, 64 AD3d 1067, 1067 [2009]; *Matter of Scott v Fischer*, 57 AD3d 1035, 1036 [2008], *lv denied* 12 NY3d 705 [2009]). To the extent that petitioner claims that the report is defective because it does not specifically list which food items were in his possession, as opposed to his alleged coconspirator, such contention is unavailing as an inmate involved in a conspiracy to violate prison rules or as an accessory to such violation is punishable to the same degree as a violator (*see* 7 NYCRR 270.3 [b] [2], [3]; *cf. Matter of Daniel v Lacy*, 279 AD2d 916, 917 [2001]).

Petitioner also contends that he was denied the right to call Correction Officer Dotson as a witness to support his claim that he was authorized to possess the items he retrieved from the mess hall. He further argues that he was wrongly denied access to the transcript of the disciplinary hearing of his alleged coconspirator, which he claimed he needed in order to challenge the credibility of two of the witnesses who testified against him. Due to the existence of substantial gaps in the hearing transcript, we are precluded from a meaningful review of the Hearing Officer's denials of these requests.[2] Accordingly, the matter must be remitted for a rehearing (*see generally Matter of Muhammad v Selsky*, 279 AD2d 742, 743 [2001]; *Matter of*

---

**1.** Contrary to petitioner's contention, the petition raised a question of substantial evidence, making the transfer of the proceeding to this Court proper. However, we note that petitioner has not raised a substantial evidence argument in his brief to this Court.

**2.** We also note that the Hearing Officer did not articulate, as required, that disclosure of the transcript of the hearing of petitioner's coconspirator would be unduly hazardous to institutional safety (*see Matter of Cahill v Goord*, 36 AD3d 997, 998 [2007]; *Matter of Cowart v Coughlin*, 193 AD2d 887, 888 [1993]; *Matter of Hillard v Coughlin*, 187 AD2d 136, 140 [1993], *lv denied* 82 NY2d 651 [1993]).

*Captain Kidd's v New York State Liq. Auth.*, 248 AD2d 791, 792 [1998]).

Cardona, P.J., Spain, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to the Commissioner of Correctional Services for further proceedings not inconsistent with this Court's decision.