In the Matter of EDWIN MADDEN, Petitioner, v P. GRIFFIN, as Superintendent of Sullivan Correctional Facility, et al., Respondents. [971 NYS2d 586]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review, among other things, a determination of respondent Superintendent of Sullivan Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with creating a disturbance, interfering with an employee, refusing a direct order and being out of place. Following a tier II disciplinary hearing, he was found not guilty of being out of place but guilty of the remaining charges. That determination was affirmed on administrative review and this CPLR article 78 proceeding ensued.*

Initially, respondents concede and we agree that substantial evidence does not support that part of the determination finding petitioner guilty of interfering with an employee, and the determination must be annulled to that extent (see Matter of Hood v Fischer, 100 AD3d 1122, 1123 [2012]). Inasmuch as petitioner has already served the penalty and a loss of good time was not imposed, the matter need not be remitted for a reassessment of the penalty (see Matter of Sierra v Fischer, 82 AD3d 1436, 1437 [2011]).

As to the remaining charges of creating a disturbance and refusing a direct order, the misbehavior report and the hearing testimony provide substantial evidence supporting the determination of petitioner's guilt (see Matter of Fernandez v Fischer, 105 AD3d 1287, 1288 [2013]; Matter of Blocker v Hetrick, 100 AD3d 1302, 1302-1303 [2012]). Although petitioner denied the charges, this created a credibility issue for respondent Hearing Officer to resolve (see Matter of Harrison v Fischer, 104 AD3d 1032, 1032 [2013]).

Turning to petitioner's procedural challenges, his claim that he was denied the right to call certain witnesses is unpreserved for our review, in light of his failure to raise an objection at the hearing (see Matter of Tucci v Selsky, 94 AD3d 1294, 1295 [2012]; Matter of Barclay v Knowles, 79 AD3d 1550, 1551 [2010]). We reject his contention that his due process rights were violated because he did not receive a copy of the tape recording of his disciplinary hearing, as inmates do not have a constitutional right to such recordings (see Matter of Holmes v

---

* To the extent that petitioner challenged in his petition the denial of a grievance he filed on January 24, 2011, the issue is deemed abandoned by his failure to raise it on appeal (see Matter of Bush v Fischer, 93 AD3d 982, 982 n [2012]).

*Fischer*, 66 AD3d 1093, 1094 [2009]; *Matter of Murrell v Dubray*, 47 AD3d 718, 718 [2008]). Finally, our review of the record reveals no indication that the Hearing Officer was biased or that the determination flowed from any bias (*see Matter of Hyzer v Fischer*, 104 AD3d 983, 983 [2013]; *Matter of Cicio v Fischer*, 100 AD3d 1226, 1227 [2012]). Petitioner's remaining claims, including that the Hearing Officer failed to comply with Department of Corrections and Community Supervision rules, have been examined and found to be unpersuasive.

Peters, P.J., Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

