■ In the Matter of the Claim of TRACEY HAIRSTON, Respondent. JUDITH ANNE OKUN, Appellant; COMMISSIONER OF LABOR, Respondent. [983 NYS2d 745]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 6, 2012, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as the office manager for the employer, a solo practicing orthodontist, from December 2008 until the end of September 2010. She injured herself on September 30, 2010 and, according to claimant, she spoke with her employer that evening. Claimant allegedly saw a doctor who advised her to stay out of work during the first week of October 2010. She did not report to work during this time. According to claimant, the employer called a relative with whom claimant was residing and informed him that claimant had been fired. However, the portion of the transcript that contains the employer's testimony is predominantly "inaudible."

Following the cessation of claimant's employment, she applied for unemployment insurance benefits and her application was denied on the ground that she voluntarily left her employment without good cause. She requested a hearing before an Adminis-

trative Law Judge (hereinafter ALJ) and the ALJ upheld this determination. The Unemployment Insurance Appeal Board, however, reversed the ALJ's decision and ruled that claimant was entitled to receive benefits. This appeal by the employer ensued.

The employer argues that substantial evidence does not support the Board's finding that claimant was discharged, but establishes instead that she voluntarily left her employment without good cause. Yet, the absence of the employer's testimony from the record, due to the numerous concentrated gaps and "inaudible" notations in the transcript, precludes meaningful review of the Board's decision (*see Matter of Captain Kidd's v New York State Liq. Auth.*, 248 AD2d 791, 792 [1998]; *see also Matter of Muhammad v Selsky*, 279 AD2d 742, 743 [2001]; *compare Matter of Crespo [Upton, Cohen & Slamowitz—Commissioner of Labor]*, 251 AD2d 842 [1998]). Accordingly, the matter must be remitted for a new hearing (*see Matter of Huston v Bezio*, 69 AD3d 1259, 1260-1261 [2010]; *Matter of Treutlein v Jackson*, 271 AD2d 614, 614-615 [2000]).

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for a new hearing.