*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521335
_____

In the Matter of MICHAEL ALLEN,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:  March 29, 2016

Before:  Peters, P.J., McCarthy, Rose, Devine and Clark, JJ.

                        _____


        Michael Allen, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

        During the course of a strip frisk, a correction officer recovered a plexiglass shank from petitioner's right sock.  As a result, petitioner was charged in a misbehavior report with possessing a weapon.  Following a tier III disciplinary hearing, he was found guilty of the charge and the determination was later affirmed on administrative appeal.  This CPLR article 78

proceeding ensued.[1]

We confirm. Initially, although the hearing transcript discloses certain inaudible portions, the gaps are not so significant as to preclude meaningful review and petitioner's claim that large portions are either missing or inaccurate is simply not substantiated (see Matter of Rizzuto v Eastman, 134 AD3d 1308, 1308 [2015]; Matter of Clark v Annucci, 128 AD3d 1254, 1255 [2015]). Moreover, we reject petitioner's assertion that he was denied a videotape of the yard, given that it did not depict the incident in question and was, therefore, irrelevant (see Matter of Byrd v Fischer, 117 AD3d 1263, 1263 [2014]; Matter of Cody v Goord, 17 AD3d 943, 944-945 [2005]). Furthermore, the record discloses that the hearing was conducted in a fair and impartial manner, and there is nothing to suggest that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]; Matter of Harding v Prack, 118 AD3d 1231, 1232 [2014]). We have considered petitioner's remaining contentions, including his claim that he was improperly denied the right to call witnesses, including an unidentified investigator from the Inspector General's office concerning petitioner's unresolved grievances, and find them to be unavailing (see Matter of Tafari v Fischer, 93 AD3d 1054, 1054-1055 [2012], lv dismissed 19 NY3d 1007 [2012]; compare Matter of Lopez v Fischer, 100 AD3d 1069, 1069 [2012]).

Peters, P.J., McCarthy, Rose, Devine and Clark, JJ., concur.

---

[1] Although the proceeding was improperly transferred due to the failure of the verified petition to raise the issue of substantial evidence, we nevertheless retain jurisdiction and address petitioner's claims in the interest of judicial economy (see Matter of Selah v LaValley, 117 AD3d 1261, 1261 n [2014]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court