## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 15, 2016                    521879
_____

In the Matter of KENNETH
    SAMUELS,
                        Appellant,

            v                                MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Garry, J.P., Rose, Devine, Clark and Mulvey, JJ.

_____

        Kenneth Samuels, Malone, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Bruening, J.),
entered December 10, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent finding
petitioner guilty of violating certain prison disciplinary rules.

        Numerous inmates, including petitioner, were involved in a
fight in the yard and ignored directives to stop engaging in such
conduct.  A video surveillance recording of the altercation
captured petitioner holding an inmate on the ground while another
inmate hit him with fence rails.  As a result of this incident,
petitioner was charged in a misbehavior report with fighting,
refusing a direct order, engaging in violent conduct and creating
a disturbance.  Following a tier III disciplinary hearing, he was

found guilty of the charges and the determination was upheld on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the determination on procedural grounds. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.[1]

Petitioner argues that he was deprived of his constitutional and regulatory right to call witnesses because the Hearing Officer did not make an inquiry regarding a certain inmate's refusal to testify and outright denied his request to have a civilian witness testify. However, petitioner failed to raise appropriate objections at the hearing, and, thus, has not preserved these claims for our review (see Matter of Henry v Fischer, 120 AD3d 868, 869 [2014], lv granted 24 NY3d 908 [2014]; Matter of Amato v Fischer, 115 AD3d 1100, 1101 [2014]). For the same reason, he has not preserved his claim that he was improperly denied the use of force report (see Matter of Rodriquez v Annucci, 136 AD3d 1083, 1084 [2016]; Matter of Henry v Fischer, 120 AD3d at 869). Although petitioner was also not provided with a videotape of a prior incident or a photograph that was shown to the inmate who petitioner held down, they were irrelevant to the charges at issue (see Matter of Allen v Venettozzi, 139 AD3d 1208, 1209 [2016]; Matter of McKethan v Selsky, 49 AD3d 1113, 1114 [2008]). Further, the misbehavior report was sufficiently detailed with respect to the date, time, location and nature of the incident to afford petitioner notice of the charges to enable him to prepare a defense (see Matter of Williams v Goord, 23 AD3d 972, 973 [2005]; Matter of Hernandez v Selsky, 9 AD3d 662, 663 [2004], appeal dismissed and lv denied 3 NY3d 698 [2004]). Therefore, the petition was properly dismissed.

Garry, J.P., Rose, Devine, Clark and Mulvey, JJ., concur.

_____

[1] Given that the verified petition did not raise the issue of substantial evidence, petitioner's challenge in his brief to the sufficiency of the evidence supporting the finding of guilt of refusing a direct order is not properly before us (see Matter of Kalwasinski v Bezio, 83 AD3d 1313, 1314 [2011]).

ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court