Matter of Mullins v Annucci (2019 NY Slip Op 07975)





Matter of Mullins v Annucci


2019 NY Slip Op 07975


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

528110

[*1]In the Matter of Will Mullins, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: October 4, 2019

Before: Lynch, J.P., Devine, Aarons and Pritzker, JJ.


Will Mullins, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
After petitioner was observed acting suspiciously in the prison yard, he was taken inside to a cell block where a correction officer detected a foreign object in petitioner's groin area during a pat frisk. Petitioner was taken to another room, where a strip frisk produced, among other things, two scalpel-like weapons hidden in his underclothes. Petitioner was charged in a misbehavior report with possessing a weapon and possessing drugs and, following a tier III disciplinary hearing, he was found guilty of possessing a weapon but not guilty of the other charge. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.[FN1]
We confirm. Petitioner's contention that he was denied the right to present evidence in that he was denied a video recording of the prison yard is meritless. The record reflects that the Hearing Officer submitted this request and was advised by facility staff that the requested video did not exist (see Matter of Ocasio v Bullis, 162 AD3d 1424, 1425 [2018]; Matter of Reyes v Keyser, 150 AD3d 1502, 1505 [2017]; Matter of Benitez v Annucci, 139 AD3d 1215, 1216 [2016]). Moreover, the video would have been irrelevant to the charges (see Matter of Samuels v Annucci, 142 AD3d 1200, 1201 [2016]; Matter of Allen v Venettozzi, 139 AD3d 1208, 1209 [2016], lv denied 28 NY3d 903 [2016]). Petitioner also claims that he was denied a copy of the log books to show that the correction officer was not at his assigned post when he approached petitioner in the prison yard. However, he did not request these documents prior to or at the hearing (see Matter of Harris v Venettozzi, 167 AD3d 1127, 1128 [2018]; Matter of Gallo v Annucci, 164 AD3d 1560, 1561 [2018]). In any event, the log books were not relevant to whether he possessed a weapon (see Matter of Samuels v Annucci, 142 AD3d at 1201). Petitioner's contention that he did not receive a fair hearing in that the Hearing Officer refused to consider his defenses is belied by the record. To that end, the Hearing Officer expressly considered and rejected all of petitioner's defenses based upon the evidence and conducted the hearing in a fair and impartial manner (see Matter of McKanney v Annucci, 170 AD3d 1354, 1355 [2019]; Matter of Weston v Annucci, 153 AD3d 1537, 1538 [2017]). Petitioner's remaining claims, to the extent they have been preserved for our review, have been considered and determined to lack merit.
Lynch, J.P., Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Given that the petition appears to raise an issue of substantial evidence, the proceeding was properly transferred to this Court. However, petitioner has abandoned any such challenge by failing to raise it in his brief (see Matter of Sudler v Annucci, 166 AD3d 1351, 1352 n [2018]).