Matter of Randolph v Annucci (2020 NY Slip Op 06994)





Matter of Randolph v Annucci


2020 NY Slip Op 06994


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

529630

[*1]In the Matter of Edward Randolph, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: November 13, 2020

Before: Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ.


Edward Randolph, Marcy, appellant pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Appeal from a judgment of the Supreme Court (O'Connor, J.), entered April 2, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
In two separate incidents, petitioner made threatening comments toward different correction officers. In the first, he threatened violence against a correction officer and his family. In the second, he used vulgar language and threatened to throw water on a correction officer. As a result, petitioner was charged in two misbehavior reports with making threats (two counts), creating a disturbance (two counts), engaging in violent conduct and harassment. Both misbehavior reports were the subject of a tier III disciplinary hearing that petitioner refused to attend and it was conducted in his absence. At the conclusion of the hearing, he was found guilty of all of the charges except for the two charges of creating a disturbance. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, petitioner contends that his due process rights were violated because the hearing was conducted in his absence. The record, however, discloses that petitioner refused to attend the hearing unless it was conducted at a different location, citing fears for his safety. The Hearing Officer questioned correction officers about petitioner's concerns and, finding them to be baseless, declined to move the hearing to another location. Petitioner was given three opportunities to attend the hearing and signed written refusal forms each time. Moreover, he was informed both orally and in writing that, if he did not attend the hearing, it could be held in his absence and a penalty imposed. Under these circumstances, petitioner waived his right to be present at the hearing and, consequently, there was no violation of his due process rights (see Matter of Kennedy v Annucci, 185 AD3d 1371, 1372 [2020]; Matter of Nova v Miller, 166 AD3d 1191, 1192-1193 [2018]). Petitioner also argues that the disciplinary determination is not supported by substantial evidence. However, inasmuch as he did not raise this claim in the petition, it is not properly before us (see Matter of Samuels v Annucci, 142 AD3d 1200, 1201 n [2016]; Matter of Kalwasinski v Bezio, 83 AD3d 1313, 1314 [2011]; Matter of Cole v Goord, 47 AD3d 1148, 1148 [2008]).
Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.