Matter of Kelly v Annucci (2021 NY Slip Op 02048)





Matter of Kelly v Annucci


2021 NY Slip Op 02048


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

532377

[*1]In the Matter of Stephen Kelly, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 5, 2021

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.


Stephen Kelly, Gouverneur, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Ceresia, J.), entered October 6, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.
On October 9, 2019, petitioner was ordered to produce a urine sample as part of a random drug screening. When petitioner failed to provide a sample within the required time period (see 7 NYCRR 1020.4 [d] [4]), he was charged in a misbehavior report with failing to comply with urinalysis testing procedures and violating temporary release program rules. Following a tier III disciplinary hearing, petitioner was found guilty as charged, and this determination was affirmed on administrative appeal with a modified penalty.
On January 9, 2020, petitioner was again ordered to produce a urine sample for drug screening and failed to do so within the allotted time. Petitioner was charged in a misbehavior report with failing to comply with urinalysis testing procedures. Following a tier III disciplinary hearing, petitioner was found guilty as charged. Petitioner commenced this CPLR article 78 proceeding challenging the basis for the drug screens that resulted in both disciplinary determinations. Supreme Court dismissed the petition, and this appeal ensued.
We affirm. Regarding petitioner's challenge to the drug screen order that resulted in the January 2020 disciplinary determination, the record contains an affidavit from the Director of Special Housing and Inmate Disciplinary Programs for the Department of Corrections and Community Supervision. In the affidavit, he attested that he had reviewed the records in the Office of Special Housing, which maintains records of tier III administrative appeals, and found no evidence that petitioner had submitted an appeal of the determination rendered after the January 16, 2020 hearing. Accordingly, Supreme Court properly dismissed that part of the petition challenging this determination for a failure to exhaust administrative remedies (see Matter of Cuppuccino v Annucci, 171 AD3d 1386, 1387 [2019]; Matter of Oyague v Clinton Corr. Facility, 146 AD3d 1242, 1243 [2017]).
As to the October 2019 determination, petitioner argues that he was not eligible to be selected for a random drug test because he had only completed orientation for the temporary release program and had not yet participated in work release. As noted by Supreme Court, although inmates that participate in a temporary release program are subject to drug testing on a random or routine basis when the inmate returns from release (see Dept of Corr & Community Supervision Directive No. 4937 [IV] [A] [5] [a]; 7 NYCRR 1020.4 [a] [5] [i]), the misbehavior report states that the order for the drug test was given pursuant to the Department of Corrections and Community Supervision's computerized random system. Insofar as all inmates are subject to computer[*2]-generated random drug testing (see Dept of Corr & Community Supervision Directive No. 4937 [IV] [A] [7]; 7 NYCRR 1020.4 [a] [7]), we agree with Supreme Court that there was a valid basis for the drug test order. To the extent that petitioner now argues that the determination is not supported by substantial evidence, that argument is not properly before us as he did not raise this claim in his petition (see Matter of Randolph v Annucci, 188 AD3d 1499, 1499 [2020]; Matter of Samuels v Annucci, 142 AD3d 1200, 1201 n [2016]).
Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.