Matter of Antinuche v Venettozzi (2021 NY Slip Op 05055)





Matter of Antinuche v Venettozzi


2021 NY Slip Op 05055


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

532197
[*1]In the Matter of Michael Antinuche, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:September 3, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Michael Antinuche, Fallsburgh, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged with violating various prison disciplinary rules after an investigation revealed that he had attempted to recruit incarcerated individuals to assault another prisoner who had wronged him. Following a tier III disciplinary hearing, petitioner was found guilty of violating the rules prohibiting violent conduct, assault and solicitation. The determination was affirmed upon administrative review, with a later discretionary review modifying the penalty. This CPLR article 78 proceeding ensued.
We confirm. Petitioner appears to have abandoned any challenge to the sufficiency of the evidence supporting the determination of guilt by failing to address that issue in his brief (see Matter of Scott v Annucci, 194 AD3d 1178, 1178 [2021]; Matter of Davison v Annucci, 169 AD3d 1318, 1318 n [2019]). In any event, the misbehavior report, hearing testimony from the report's author and confidential testimony from the author and others constitute substantial evidence to support the determination (see Matter of Everett v Venettozzi, 170 AD3d 1408, 1409 [2019]; Matter of Bachiller v Annucci, 166 AD3d 1186, 1186 [2018]).
We next reject petitioner's various arguments as to how he was deprived of the opportunity to present a defense. The Hearing Officer appropriately rejected as unreasonable petitioner's demand to view approximately two weeks of video footage to assess whether he could be heard soliciting an assault from his cell, particularly given that the footage was rendered redundant by the testimony presented on that point and could not rule out that the alleged conduct had occurred via other means (see Matter of Rodriguez v Coughlin, 211 AD2d 926, 927 [1995]; Matter of Smith v Coughlin, 161 AD2d 1082, 1082-1083 [1990]). As the alleged conduct could have occurred at any point during that two-week period, the Hearing Officer also properly denied petitioner's truncated request for several hours of the video footage (see Matter of Samuels v Annucci, 142 AD3d 1200, 1201 [2016]; Matter of Allen v Venettozzi, 139 AD3d 1208, 1209 [2016], lv denied 28 NY3d 903 [2016]). Further, as petitioner "does not have a right to confront or cross-examine the confidential informants," the Hearing Officer correctly denied his request for such testimony (Matter of Heard v Annucci, 155 AD3d 1166, 1167 [2017]; see Matter of Sierra v Rodriguez, 158 AD3d 880, 881 [2018]; Matter of Tulloch v Fischer, 90 AD3d 1370, 1371 [2011]).
Notwithstanding petitioner's further complaint, the misbehavior report gave adequate notice of the charges against him despite its failure to specify the exact date and time that his alleged misconduct occurred (see Matter [*2]of Ortiz v Annucci, 163 AD3d 1383, 1384 [2018]; Matter of Willacy v Fischer, 67 AD3d 1099, 1100 [2009]). Finally, we reject petitioner's contention that the Hearing Officer was biased, "as the record reflects that the determination of guilt flowed from the evidence presented and not from any alleged bias" (Matter of DeJesus v Mayes, 196 AD3d 992, 992 [2021]; see Matter of Bellamy v Noeth, 195 AD3d 1289, 1290 [2021]).
Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.