Matter of Proctor v Annucci (2022 NY Slip Op 03298)





Matter of Proctor v Annucci


2022 NY Slip Op 03298


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

533265
[*1]In the Matter of Robert Proctor, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:April 18, 2022

Before:Garry, P.J., Egan Jr., Colangelo, Ceresia and Fisher, JJ.

Robert Proctor, Comstock, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Egan Jr., J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with participating in a demonstration, creating a disturbance and committing an unhygienic act. According to the report, several incarcerated individuals were yelling and making other noise on their cell block. Petitioner was observed on the facility video monitoring system yelling and banging on the bars of his cell with an unknown object. The author of the report went to deescalate the situation and, while on the cell block, he observed petitioner propel an unknown liquid out of his cell. Following a hearing, petitioner was found guilty of all the charges. That determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.
The misbehavior report and the hearing testimony of its author provide substantial evidence supporting the finding of guilt (see Matter of Bond v Annucci, 197 AD3d 1496, 1497-1498 [2021], lv denied ___ NY3d ___ [Apr. 26, 2022]; Matter of Peters v Annucci, 177 AD3d 1055, 1056 [2019]). As to his procedural challenges, we reject petitioner's contention that the Hearing Officer was biased as the record establishes that the determination of guilt flowed from the evidence presented and not from any alleged bias (see Matter of McCoy v Annucci, 199 AD3d 1143, 1144 [2021]; Matter of Antinuche v Venettozzi, 197 AD3d 1449, 1451 [2021]). Further, the Hearing Officer properly denied testimony from a witness that neither observed nor had firsthand knowledge of the incident (see Matter of Smith v Annucci, 173 AD3d 1596, 1597 [2019]; Matter of Mena v Bedard, 117 AD3d 1275, 1275 [2014]).[FN1] Petitioner also contends that the Hearing Officer failed to sufficiently inquire as to why two other incarcerated individuals that he had requested as witnesses refused to testify. The requested witnesses, who had not previously agreed to testify, signed witness refusal forms and the forms were also signed by a correction officer who indicated that the witnesses would not provide a reason for their refusals. The Hearing Officer showed the forms to petitioner and petitioner did not request that the Hearing Officer make any further inquiry into the reason for the refusals. Accordingly, petitioner did not preserve this issue for our review (see Matter of Randolph v Annucci, 190 AD3d 1196, 1197-1198 [2021]; Matter of Ballard v Annucci, 168 AD3d 1319, 1320-1321 [2019]).
We do find, however, that annulment is required because petitioner was denied due process by not being provided an opportunity to view the video of the incident. "[A]n [incarcerated individual] 'should be allowed to call witnesses and present documentary evidence in his [or her] defense when permitting him [or her] to do so will not be unduly hazardous to institutional [*2]safety or correctional goals'" (Matter of Hillard v Coughlin, 187 AD2d 136, 139 [1993], lv denied 82 NY2d 651 [1993], quoting Wolff v McDonnell, 418 US 539, 560 [1974]; see Matter of Cahill v Goord, 36 AD3d 997, 998 [2007]). The videotaped incident occurred while petitioner was incarcerated at a different facility. The Hearing Officer informed petitioner that, due to the format of the video, it could not be played in the hearing room and could only be played on equipment located in a secure area of the facility from which petitioner was barred entry. The Hearing Officer stated that he had viewed the video in the secure area, and he described what he believed the video depicted. Petitioner objected, arguing that he was being prevented from providing exculpatory testimony as to what occurred in the video. The Hearing Officer denied the objection, stating that "the video speaks for itself," and the record reflects that he relied, in part, on the video in reaching the determination of guilt. Contrary to respondent's contention, the explanation that the only video equipment capable of playing the video was in a secure area, without any apparent attempt to either move the equipment or find other equipment capable of playing the video for petitioner, did not articulate institutional safety or correctional goals sufficient to justify denying petitioner's right to reply to evidence against him (see 7 NYCRR 254.6 [a] [3]; Matter of Cahill v Goord, 36 AD3d at 998; Matter of Marquez v Mann, 192 AD2d 100, 103-104 [1993]; Matter of Hillard v Coughlin, 187 AD2d at 139-140). Similarly, the fact that petitioner may have seen the video at his former facility during a prior hearing on these charges before a different Hearing Officer, a hearing that resulted in a determination that was administratively reversed, does not excuse the denial of petitioner's right to view the video during the new hearing and offer exculpatory testimony as to its contents (see 7 NYCRR 254.6 [a] [3]).
As to the remedy, we conclude that a new hearing, not expungement, is appropriate. The failure to allow petitioner to view the video of the incident implicated his regulatory right to confrontation and cross-examination, as opposed to a constitutional right, and we find no equitable consideration warranting expungement (see Matter of Cahill v Goord, 36 AD3d at 998; Matter of Hillard v Coughlin, 187 AD2d at 140). In light of our decision, we need not address petitioner's remaining contentions.
Garry, P.J., Colangelo, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Although the initial denial of this witness improperly occurred when petitioner was temporarily out of the hearing room due to being disruptive, the error was harmless inasmuch as no evidence was taken and no other matters were discussed during that time, and petitioner repeated the witness request when the hearing reconvened and the Hearing Officer again issued a denial.