Matter of Serrano v Danforth (2023 NY Slip Op 05639)

Matter of Serrano v Danforth

2023 NY Slip Op 05639

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

535718
[*1]In the Matter of Nicholas Serrano, Petitioner,
v
S. Danforth, as Superintendent of Franklin Correctional Facility, Respondent.

Calendar Date:October 6, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, McShan and Mackey, JJ.

Nicholas Serrano, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with fighting and engaging in violent conduct. The charges stemmed from an incident wherein petitioner alleged that he had been assaulted by another incarcerated individual. At the conclusion of the tier II disciplinary hearing that followed, petitioner was found guilty of fighting and not guilty of engaging in violent conduct, and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the determination of guilt.
We confirm. The misbehavior report — standing alone — constitutes substantial evidence to support the finding that petitioner was guilty of fighting (see Matter of Wimberly v Annucci, 185 AD3d 1364, 1365 [3d Dept 2020], lv denied 36 NY3d 903 [2020]; Matter of Frye v Commissioner of the Dept. of Corr. & Community Supervision, 175 AD3d 1690, 1690 [3d Dept 2019]). To the extent that petitioner testified that he was attacked by another individual and denied defending himself, such testimony presented a credibility issue for the Hearing Officer to resolve (see e.g. Matter of Weston v Loughren, 217 AD3d 1177, 1178 [3d Dept 2023]; Matter of Hickson v Annucci, 214 AD3d 1290, 1291 [3d Dept 2023]). Petitioner's related assertion — that the determination was inherently inconsistent — is unavailing as the rules prohibiting fighting (see 7 NYCRR 270.2 [B] [1] [iv]) and engaging in violent conduct (see 7 NYCRR 270.2 [B] [5] [ii]) are two distinct violations (see generally Matter of Brown v Selsky, 5 AD3d 905, 906 [3d Dept 2004]).
As for petitioner's procedural objections, petitioner's claim that he was denied the right to call witnesses is unpreserved for our review as petitioner raised no objection in this regard at the administrative level (see Matter of Daniels v Venettozzi, 219 AD3d 1000, 1001 [3d Dept 2023]; Matter of Madden v Griffin, 109 AD3d 1060, 1061 [3d Dept 2013]). In any event, the record reflects that, prior to the hearing, petitioner executed a form indicating that he was not requesting any witnesses or documentary evidence and, at the start of the hearing, petitioner was apprised of his right to call witnesses and made no requests in this regard. Petitioner's argument regarding the timeliness of the response to his administrative appeal is similarly unpreserved due to petitioner's failure to raise this issue in his petition (see Matter of Kelly v Annucci, 193 AD3d 1169, 1171 [3d Dept 2021]; Matter of Randolph v Annucci, 188 AD3d 1499, 1499 [3d Dept 2020]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Pritzker, Ceresia, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.