Matter of Cargill v Howard (2026 NY Slip Op 00179)

Matter of Cargill v Howard

2026 NY Slip Op 00179

Decided on January 15, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 15, 2026

CV-25-0143
[*1]In the Matter of Ryan Cargill, Petitioner,
vDavid Howard, as Superintendent of Woodbourne Correctional Facility, Respondent.

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

Brill Legal Group, PC, Hempstead (Peter E. Brill of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.

Aarons, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
According to a misbehavior report, an investigation that included review of petitioner's Jpay emails [FN1] indicated that petitioner had been emailed pictures of underage girls, as well as literature explaining how to manipulate lie detector tests conducted as part of Department of Corrections and Community Supervision's (hereinafter DOCCS) sex offender treatment program.[FN2] According to the report, petitioner was emailed the lie detector literature by his mother and he was emailed the pictures of the girls by a parolee who pretended to be petitioner's aunt. The parolee had been incarcerated at petitioner's facility and housed on the same residential unit as petitioner before being released. The investigator who authored the misbehavior report interviewed the parolee, who admitted that he was friends with petitioner and that he would speak with him on the telephone, which petitioner denied when questioned by the investigator. As a result, petitioner was charged in the report with violating prison rules by providing false information and possessing unauthorized literature. Following a tier II disciplinary hearing, petitioner was found guilty as charged. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We agree with petitioner that his request that the parolee testify at the hearing was improperly denied.[FN3] The regulations for tier II hearings provide that an incarcerated individual "may call witnesses on his [or her] behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals" (7 NYCRR 253.5 [a]). In addition to the above-recited alleged statements by the parolee, the misbehavior report indicated that the parolee admitted that certain pictures in petitioner's Jpay account were of the parolee's home and that he would speak to him when petitioner called the parolee's mother. At the outset of the hearing, petitioner requested that the parolee testify. After confirming that petitioner did not have the parolee's contact information, the Hearing Officer adjourned the hearing "to try and locate [the] parolee." Just over two hours later, the Hearing Officer reconvened the hearing and took the investigator's testimony. After doing so, the Hearing Officer denied petitioner's request for the parolee's testimony, stating she was unable to contact the parolee because petitioner had not provided any contact information for him. There is no indication in the record that the Hearing Officer requested the contact information for the parolee from the investigator who had interviewed him and had just testified at the hearing, or that the Hearing Officer attempted to obtain the parolee's contact information from [*2]DOCCS's records. In our view, the Hearing Officer failed to make reasonable and substantial efforts to contact the witness and, therefore, petitioner's request was improperly denied (compare Matter of Randolph v Annucci, 190 AD3d 1196, 1198 [3d Dept 2021]; Matter of Rodriguez v Coombe, 239 AD2d 854, 854-855 [3d Dept 1997], lv dismissed 91 NY2d 907 [1998]). Because the loss of privileges that resulted from petitioner's guilty finding in this tier II hearing did not "impose[ ] atypical and significant hardship on [petitioner] in relation to the ordinary incidents of prison life" (Sandin v Conner, 515 US 472, 484 [1995]), remittal for a new hearing is the appropriate remedy for this violation of petitioner's regulatory right to call a witness (see Matter of Joseph v LaClair, 112 AD3d 1023, 1024 [3d Dept 2013]).
Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: "Jpay is a company that provides services to incarcerated individuals and their family and friends, including through a downloaded app for a tablet or smartphone that allows for, among other things, the sending and receiving of messages through email, 'videogram' or instant messaging" (Matter of Washington v Howard, 226 AD3d 1242, 1243 n [3d Dept 2024] [internal quotation marks and citations omitted]).

Footnote 2: As a condition of petitioner's participation in the sex offender treatment program while incarcerated, he agreed to refrain from owning, reviewing or possessing pictures of children/adolescents.

Footnote 3: Contrary to respondent's contention, inasmuch as petitioner raised this issue in his administrative appeal, this issue is preserved for our review (compare Matter of Serano v Danforth, 221 AD3d 1148, 1149 [3d Dept 2023]; Matter of Cendales v Annucci, 175 AD3d 778, 778-779 [3d Dept 2019], lv denied 34 NY3d 906 [2019]).